BANCROFT *v.* MARTIN *et al.**

(Division A.   Nov. 1, 1926.)

[109 So. 859.   No. 25825.]

1. VENDOR AND PURCHASER.
    Promise, in offer of sale, to give offeree time to accept offer is binding on offerer only when supported by consideration, and otherwise may be revoked before acceptance.

2. VENDOR AND PURCHASER. *Provision in written offer of sale that offeree might make survey held insufficient consideration therefor.*
    Provision of written offer for sale of land that offeree might inspect and make survey *held* insufficient consideration for promise to hold offer open for stated time, as not being conditioned thereon or obliging offeree to do so.

3. VENDOR AND PURCHASER.

Subsequent contract for sale by offerers to actual knowledge of offeree, in written offer for sale of land, *held* to constitute revocation of offer.

## ON SUGGESTION OF ERROR.

(Suggestion of error overruled.  Feb. 21, 1927.)

COSTS.  *Damages are not allowable on affirmance of decree dismissing complaint for specific performance, with direction to note disposition in lis pendens record (Hemingway's Code, sections 2499 et seq., 3202.*

Decree dismissing suit for specific performance of claimed contract for sale of land, with directions to clerk, under Hemingway's Code, section 2499 et seq. (Code 1906, section 3148 et seq.), to note in the *lis pendens* record the termination of the suit, is not one on affirmance of which five per cent. damages are to be allowed under section 3202 (section 4926); *lis pendens* notice not being a restraining process, and the decree below not establishing, but declining toi establish, a claim.

*Corpus Juris-Cyc. References: Costs, 15 C. J., p. 281, n. 2.

*Corpus Juris-Cyc References: Vendor and Purchaser, 39Cyc, p. 1190, n. 75; p. 1192, n. 78; p. 1234, n. 6.

APPEAL from chancery court of Jackson county.

HON. V. A. GRIFFITH, Chancellor.

Suit by C. Cotesworth Bancroft against E. L. Martin and others.  Decree dismissing the bill of complaint, and plaintiff appeals.  Affirmed.

*Ford, White, Graham & Gautier,* for appellant.

One of the main issues in the case is whether or not the contract between Bancroft and the Martins is a valid and enforcible contract.  This question in turn depends (a) on whether the contract was supported by a consideration, and (b) if not supported by a consideration, was it withdrawn before acceptance?

If neither Bancroft nor Rennyson and Passera had bought, the Martins would have been benefitted because their lands would have been advertised and given publicity.  Moreover, Bancroft worked to establish the

144 Miss.—25.

boundaries which were unknown. On the other hand the' expenditure of this money was a manifest detriment to Bancroft. There was then a direct detriment to Bancroft and an indirect benefit or advantage to the Martins. This state of affairs in principle is very much like the question involved in *Smith* v. *Cauthen,* 98 Miss. 746.

A similar case in principle is *Wilson* v. *Spry* (Ark.), 223 S. W. 564. A leading case · on this same subject is *Corson* v. *Mulvaney* (Pa.), 88 Am. Dec. 485. To the same effect are *Hall* v. *Abraham,* 44 Ore. 477, 75 Pac. 822; *Clarno* v. *Grayson,* 30 Ore. 111, 46 Pac. 426. See also 21 Am. and Eng. Enc. 926.

We recognize that a valid option must be supported by consideration, but we have that here under the authorities. The rule is well stated in *Byrne* v. *Cummings,* 41 Miss. 196. To like effect is *Magee* v. *Catchings,* 33 Miss. 672. See, also, *Miller* v. *Bank,* 131 Miss. 55; 1 Elliott on Contracts, pp. 337-338; 27 R. C. L. 339.

We insist, therefore, that the Bancroft contract was a binding and enforcible option. If we are correct as to this, then Bancroft was entitled to the relief asked, because the Webb contract was not performed and appellees, Rennyson and Passera, bought in the face of the record and with actual notice.

Courts will not hesitate to grant this sort of relief where a third party with notice of a prior contract intervenes and buys the land. On this point see *Ross* v. *Parks,* 11 L. R. A. (N. S.) 148; *City of Birmingham* v. *Forney,* 55 So. 618; *Cummins* v. *Beaver,* 106 A. S. R. 881; 27 R. C. L. 340; 39 Cyc. 1247; *Farady Coal Co.* v. *Owens,* 80 S. W. (Ky.) 1171.

All the authorities hold that the option becomes a contract enforcible by specific performance upon acceptance whether supported by consideration or not. See *Fitzgerald* v. *Boyle,* 193 Pac. 1109, 27 R. C. L. 339, and cases there cited.

When the case was tried, the Martins owned at least a half interest in all the lands involved. Why then should

appellant not be entitled to buy that interest for half the purchase money? The rule is that where the vendor has contracted to sell a greater estate than he owns, specific performance of the contract may be granted to the extent of his ownership.

This is the rule gathered from the authorities. See *McCreary* v. *Stallworth,* 102 So. 52; *Bartee* v. *Mathews,* 103 So. 874; *Townsend* v. *Vanderwerpen,* 40 L. Ed. 383; *Monday* v. *Irivin,* Am. Ann. Cas. 1918-D 713; *Manning* v. *Carter,* 68 So. —; *Grady* v. *Tucker,* Freeman Chanc. 209; *Beck* v. *Statts,* 16 L. R. A. (N. S.) 768.

*Gex & Russell,* for appellees.

Before Bancroft could ever put the defendants in the lower court to their defense, he had to show that he had a valid contract. His contract was invalid.

I. *He paid no consideration therefor.* Expenditures, made solely for his own benefit constituted no valid consideration.

Bancroft did not bind himself to have the lands inspected, surveyed, etc., but was only given the right to do so for his own benefit. *Comstock* v. *North,* 88 Miss. 755, controls here. See, also, *Kolb* v. *Bennett Land Co.,* 74 Miss. 567; *Stigler* v. *Japp,* 83 Miss. 351; *Marsh* v. *Lott,* 97 Pac. 163; *Corbett* v. *Cronkhite,* 87 N. E. 874; *Graybill* v. *Braugh,* 17 S. E. (Va.) 558; 13 C. J. 331.

Answering appellant's contention that Bancroft's reservation of the right to make surveys, take photographs, etc., constituted a sufficient consideration for the option, we cite *Mowbray Pearson Co.* v. *E. H. Stanton & Co.,* 187 Pac. 370; *Oscar Schlegal Mfg. Co.* v. *Peter Cooper's Glue Factory,* 132 N. E. 148; *Hinton* v. *Gilman,* 220 S. W. 140.

II. *The remedy of specific performance being one of grace and not of right, this is not a case in which it should be invoked. Know* v. *Spratt,* 6 So. 924. See also

to the same effect; *Bomer* v. *Canady,* 79 Miss. 234; *Railroad* v. *Payne,* 93 Miss. 60; *Sims* v. *Lbr. Co.,* 96 Miss. 452, 36 Cyc. 548.

*Butler & Creekmore,* in reply, for appellant.

When the work was done and the money spent in reliance on the contract, the detriment and benefit contemplated by the contract was sufficient and received, and the liability of the Martins to perform under the contract became complete. The same principle of law was decided in *Crawford* v. *Avery,* 35 Miss. 205. See, also, *Miller* v. *Bank of Holly Springs,* 131 Miss. 55.

Argued orally by *E. J. Ford* and *H. H. Creekmore,* for appellant, and *D. M. Russell* and *W. J. Gex,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree dismissing bill of complaint for the specific performance of a contract to convey certain land. The controlling facts, omitting such as are not relevant to the two questions here decided, are, in substance, as follows: Mr. and Mrs. E. L. Martin owned certain land on which they had given an option to a man named Webb, which would expire on the 23d day of May, 1923. During the life of this option, they offered, in writing, to sell the land to the appellant for a specified consideration and gave him twenty days from the 23d day of May, 1923, to accept the offer. No consideration was paid by the appellant for this promise of the Martins to leave the offer open for his acceptance, unless the appellant is correct in his contention that the following provision of the written offer and his acts thereunder constitute such a consideration:

"The exact acreage of said property is unknown, but it is here represented to be not less than seven thousand five hundred acres, and is to be ascertained and deter-

mined by the government plats of said land; and the said party of the second part is hereby given the right, upon execution hereof, to have his representatives, agents, or surveyors to go upon said land and inspect and survey same and establish the boundary lines thereof. And, in the event that the party who now holds the aforesaid prior option on said property shall exercise the same as provided in said option, the said party of the second part shall be reimbursed by the said parties of the first part for the expense incurred by him in surveying or inspecting the said land, not in excess of two thousand five hundred dollars.''

The appellant inspected the land, located its boundaries in part, had portions of the land photographed and mapped, and spent about five hundred dollars in so doing. On the 11th of June following the execution of this instrument, the appellant gave the Martins a written acceptance of their offer of sale.

After the Martins had offered to sell the land to the appellant and prior to June 11th, the Martins sold a half interest in the land to Rennyson and Passera, co-defendants in the court below and appellees here, who, we will assume, knew of the offer made by the Martins to the appellant for a valuable consideration, and agreed that all of the land should be sold and the net profits divided equally between the Martins and their grantees, Rennyson and Passera. The appellant learned of the sale of this land to Rennyson and Passera before June the 11th. Subsequent to the contract between the Martins and Rennyson and Passera hereinbefore referred to, and after the appellant had attempted to accept the offer of sale made to him by the Martins, a deed to all of the land was made by the Martins to Rennyson and Passera.

Among the contentions of the appellees, and which, if decided in their favor, must result in the affirmance of the decree of the court below, without reference to the other legal questions presented by the appellant, are

that the promise of the Martins to give the appellant twenty days after the 23d day of May, 1923, in which to accept their offer of sale, was not supported by a consideration, and consequently was revocable before acceptance and was revoked by the Martins before the appellee attempted to accept it.

A promise in an offer of sale to give the offeree time within which to accept the offer is binding on the offerer only when it is supported by a consideration, in the absence of which it is only a continuing offer and may be revoked before it has been accepted by the offeree.

The contention of the appellant that the permission given him by the Martins to inspect and survey the land, etc., and that his acts thereunder constitute a consideration for the Martins' promise to give him time within which to accept their offer of sale is without merit, for it does not appear either that the offer of sale was conditioned on the inspection, survey of the land, etc., by the appellant, or that the appellant assumed any obligation so to do. *Comstock* v. *North,* 88 Miss. 755, 41 So. 374.

The contract for the sale of the land entered into by the Martins with Rennyson and Passera, which came to the knowledge of the appellant before he attempted to accept the Martins' offer of sale, constituted a revocation thereof. It is true that the revocation of an offer of sale, to be effectual, must ordinarily be communicated to the other party before he accepts it.

"Formal notice of revocation, however, is not necessary and if the other party has, before accepting the offer, actual knowledge of any act of the offerer inconsistent with the continuance of the offer—such as a sale of the property to a third person—that will constitute an effectual revocation." Benjamin on Sales (6th Ed.) 92, 23 R. C. L. 1288, 6 R. C. L. 604.

*Affirmed.*

ON SUGGESTION OF ERROR.

SMITH, C. J., delivered the opinion of the court on suggestion of error.

The decree appealed from was affirmed on a former day, and the appellee now suggests that we erred in not including in the judgment of affirmance a judgment on the appeal bond for five per cent. of the value of the land involved.

Leaving out of view rule 14 of this court (104 Miss. 906), which would bar this motion, for it is only a suggestion of error, and coming to the merits of the motion, the statute on which the appellee's claims is based is section 4926, Code of 1906 (Hemingway's Code, section 3202), which provides that:

"In case the judgment or decree of the court below be affirmed, . . . the supreme court shall render judgment against the appellant for damages, at the rate of five per centum . . . as follows: . . . If the judgment or decree be for the dissolution of an injunction or other restraining process as to certain property, real or. personal, or a certain interest in property, or be a judgment or decree . . . to enforce or establish a lien or charge or claim upon or some interest in property, and the only matter complained of on the appeal is the decree as to some particular property or claim on it, the damages shall be computed on the value of the property or the interest in it," etc.

The appellee's contention is that the decree "was for the dissolution of a restraining process as to certain property, real or personal, or an interest in property, or was a judgment to enforce or establish a lien or charge or claim on, or some interest in property."

Section 3148, Code of 1906 (Hemingway's Code, section 2499 et seq.), provides that, when a person begins a suit affecting real property, he shall file with the clerk of the chancery court of the county where the property is situated a notice containing the names of all the parties to the suit, a description of the property, and a brief statement of the nature of the lien, right, or interest sought to be enforced, which the clerk shall file and record in the *lis pendens* record. In event such notice is not

filed with the clerk, the pendency of the suit shall not affect the rights of *bona-fide* purchasers or incumbrancers of the property, unless they have actual notice thereof. On the termination of the suit, it is the duty of the court wherein it was pending to direct the clerk to make an entry thereof in the *lis pendens* record. When the court below dismissed the appellant's bill of complaint, it complained with the statute, and directed the clerk to note the disposition of the case in the *lis pendens* record.

The appellant's contention is that a *lis pendens* notice is a restraining process, and that an order of the court directing the clerk to note in the *lis pendens* record the termination of the suit, is a dissolution of such process within the meaning of the satute. There is no merit in this contention. In the absence of a statute, the pendency of a suit affecting real property is constructive notice to all persons of the right claimed thereby therein. And the statute hereinbefore referred to simply narrows that rule by making it apply, when the statute has not been complied with, only to persons who have actual notice of the suit.

The decree of the court below did not enforce or establish any lien or charge or claim upon or any interest in the property involved in the suit; it simply declined to enforce or establish a claim thereto asserted by the appellant.

The statute is highly penal, and must be strictly construed.

*Overruled.*