HOLLINGSWORTH *v.* NIX, et al.

Division B. Mar. 12, 1951.

No. 37863 (51 So. (2d) 229)

Gordon & Gordon and **F. W. Stratton,** for appellant.

**B. D. Statham**, for appellees.

**Alexander, J.**

Appellant filed bill to reform an alleged contract to convey land and specifically to enforce such contract as reformed.

January 12, 1949, Mrs. Nix executed an option in favor of the Veterans' Farm & Home Board of this State, pursuant to which, by understanding of all parties concerned, the Bureau was to purchase the lands described for the benefit of appellant, a qualified war veteran. The applicable procedure is set forth in Chapter 500, Laws of 1948. The option period ran for either sixty or ninety days, the former figure being supported by the testimony for appellees and the latter figure by that for the appellant.

There were several defenses raised in the answer and reflected in the testimony. These include a failure to make the Board a party; disqualification of appellant to receive benefit of the Act; expiration of the option period; failure of timely tender; and a failure of consideration.

The decree of the trial court dismissed the bill and from such action this appeal is taken.

We consider only the defense last mentioned. There was a direct conflict whether the stated consideration of one dollar was paid. Appellant stated that it was paid to Mrs. Nix who denies payment. There was no finding of fact by the chancellor and it must be assumed that there is implicit in the decree an adjudication of no consideration. We are guided to this conclusion by a finding of insufficient merit on the other contentions, and if there be any ground which will sustain the decree it will be upheld. Carr v. Miller, 162 Miss. 760, 139 So. 851; Lee v. Memphis Pub. Co., 195 Miss. 264, 278, 14 So. (2d) 351, 152 A. L. R. 1428; Winfield v. Winfield, 203 Miss. 391, 35 So. (2d) 443.

There is pressed upon us the view that there was no tender made during the life of the option. Even if we should determine that a tender was made which could have constituted an acceptance of the offer inherent in the option, such tender would have to be made while the option remained in force.

As stated, the option was dated January 12, 1949. On February 15 thereafter Mrs. Nix wrote to appellant withdrawing the option. We need not discuss the right of an optionee or a third party beneficiary to compel retention of rights when a valuable consideration has been paid. Since we must find that the factual issue of payment of the stated consideration has been resolved against appellant, Mrs. Nix had the right to withdraw the unilateral offer at any time prior to acceptance or tender of the purchase price. There was no sufficient tender or acceptance made, if at all, until after revocation. 55 Am. Jur., Vendor & Purchaser, Section 32, p. 503.

Affirmed.