HOLIFIELD, et al. *v.* VETERAN'S FARM & HOME BOARD OF THE

STATE OF MISSISSIPPI, et al.

Oct. 26, 1953

No. 38858          40 Adv. S. 38          67 So. 2d 456

*Wingo & Finch,* Hattiesburg, for appellants.

*McFarland & McFarland,* Bay Springs, for appellee.

KYLE, J.

This case is before us on appeal by Tim Holifield and his wife from a decree of the Chancery Court of Covington County ordering specific performance of a contract to sell and convey to the Veterans' Farm and Home Board of the State of Mississippi and Ralph Ladell Mauldin certain real estate.

The record shows that the appellants, Tim Holifield and his wife, on October 30, 1951, signed and delivered to the Veterans' Farm and Home Board of the State of Mississippi a written option to purchase and agreement to convey to the Veterans' Farm and Home Board, for a total purchase price of $5,000, approximately 88 acres of land in Section 5, Township 8 North, Range 15 West, in Covington County. The option was to remain in effect for a period of ninety days, and the option expressly provided that, upon the payment of the purchase price to the owners, the owners agreed to deliver to the Veterans' Farm and Home Board a warranty deed conveying to the Veterans' Farm and Home Board a fee simple title to the property, together with title insurance in some recognized title insurance company authorized to do business in Mississippi. The option recited that three-fourths of all oil, gas and minerals in the land had theretofore been conveyed, and that the sellers would sell and convey only one-fourth of the minerals in said land to the buyer. The option recited a consideration of "$1.00 cash in hand paid the undersigned and other good and valuable consideration, receipt of which is hereby acknowledged." And it was expressly provided that the option should become null and void if not exercised within the ninety day period, unless extended by mutual consent of the parties.

The proof showed that the appellee, Ralph Ladell Mauldin, had rented the land from the appellants for the year 1951, for agricultural and grazing purposes, and had agreed to pay the sum of $200 as rent therefor. There was also a verbal understanding between the parties that Holifield would sell the land to Mauldin for the sum of $5,000 as soon as he could get the title cleared. Mauldin was a World War II veteran; and after renting the land for the year 1951 Mauldin applied to the Veterans' Farm and Home Board for the purchase of the farm for him. Holifield knew that Mauldin expected to obtain a G. I.

loan to enable him to purchase the farm. Mauldin's application for the purchase of the farm was approved by the Veterans' Farm and Home Board, and Mauldin informed the appellants that it would take approximately three months after they got their title cleared for him to get the money from the Board. The appellants proceeded to have their title cleared in the chancery court, and on October 30, 1951, the formal option to purchase and agreement to sell was duly executed by the appellants.

On January 11, 1952, the appellants were notified by G. H. Merrell, an attorney who had been employed by the Veterans' Farm and Home Board to prepare the closing papers and to complete the purchase of the land for the Farm and Home Board and Mauldin, that he was ready to complete the purchase of the property for the Board and to pay to the appellants the full amount of the purchase price upon the execution by them of a proper deed of conveyance. This notice was given to the appellants by registered mail, and Holifield acknowledged receipt of same by letter.

Merrell prepared a deed of conveyance to be executed by Holifield and his wife, and the Farm and Home Board issued its check for the sum of $4,500. Mauldin obtained a cashier's check from a local bank for the additional sum of $500 to complete the payment of the purchase price. Having heard nothing more from the appellants about the matter, Merrell and Mauldin, a few days later drove to the appellants' home for the purpose of having the deed executed and for the purpose of delivering the checks. They carried with them a notary public to take the acknowledgments to the deed. When they arrived at the appellants' home, Merrell told the appellants that he had the money, and was ready to pay for the land, and that he had prepared a proper deed of conveyance for the appellants to execute. The appellants, however, informed him that they had decided not to sell the land,

and the appellants refused to execute the deed of conveyance. The only reason assigned by them for their refusal to carry out the contract was that they had been unable to purchase a home in the Town of Ellisville, which they had expected to purchase at the time they signed the option. The appellants had not withdrawn their offer to sell the property prior to the acceptance of the offer by the Farm and Home Board.

The only point argued by the appellants' attorneys in their brief as ground for reversal of the decree of the lower court is that no consideration was paid by the appellees for the option and that the option was not binding upon the appellants for that reason.

The question of law presented is whether the option, which is admittedly not supported by any consideration, was binding upon the Holifields after the Veterans' Farm and Home Board and Mauldin notified them of their intention to exercise it.

It is well settled that ■■ ■ an option is not binding as a contract where there is no consideration, unless it is accepted within the time limit and before the offer is withdrawn. ■■■ Since there was no consideration paid by the Veterans' Farm and Home Board and Mauldin for the option, it could have been revoked by the Holifields at any time before the Veterans' Farm and Home Board and Mauldin notified them that they intended to buy the land; but since the offer was accepted within the time limit and before withdrawal the contract became binding upon all parties as it was thereafter supported by the consideration of the mutual promises.

This legal proposition seems to be well settled by the authorities. Combs et al. v. Turner et al., 304 Ky. 179, 200 S. W. 2d 288; Klatch v. Simpson, 237 Ky. 84, 34 S. W. 2d 951-953; Threlkeld, et al. v. Inglett, et al., 289 Ill. 90, 124 N. E. 368; Murphy, Thompson & Co. v. Reid et al., 125 Ky. 585, 101 S. W. 964, 31 Ky. Law Rep. 176,

10 L. R. A. 195, 128 Am. St. Rep. 259; Smith v. Bangham et al, 156 Cal. 359, 104 P. 689, 28 L. R. A., N. S., 522.

The effect of the acceptance of an outstanding offer in a case of this kind is stated in 66 C. J., p. 528, Vendor and Purchaser, par. (66) c, as follows: "Acceptance of an outstanding offer completes the contract, and it is thereupon binding upon both parties, so that neither the offer nor the acceptance can thereafter be revoked. An agreement or offer giving an opportunity to purchase land within a certain time, although without consideration, becomes a binding contract when accepted within that time if it has not previously been withdrawn."

The rule is stated in much the same manner in 49 Am. Jur., p. 139, par. 118, as follows:

"A mere naked option, not supported by any consideration, may be withdrawn at any time before it is accepted, and if so withdrawn and revoked before the plaintiff signifies his acceptance of it, his later attempt to accept the offer and create a contract is of no effect. The fact, however, that the option lacked consideration does not necessarily mean that equity will not specifically enforce the contract made by the acceptance of the option before its withdrawal or revocation. While the rule that equity will enforce a contract consummated by the acceptance of an option within the time and upon the terms of the option is often stated in such a way as to suggest or imply the necessity of consideration for the option, all that is meant in most cases is that a consideration is necessary to prevent the defendant from asserting his withdrawal of the option before its acceptance by the plaintiff and before the expiration of the time fixed in the option within which acceptance could be made. . . . The lack or inadequacy of consideration for an option should not defeat the right to performance of a contract to convey after the option has been accepted, if the price to be paid for the land is adequate."

The rule stated above has been recognized in the decisions of our own Court in the cases of Bancroft v. Martin et al., 144 Miss. 384, 109 So. 859, and Hollingsworth v. Nix et al., 211 Miss. 155, 51 So. 2d 229. In each of those cases the Court refused to grant specific performance because the offer to sell, which was not supported by a consideration, had been withdrawn before it had been accepted. But in each of those cases the Court clearly indicated that if the offer had been accepted before its withdrawal or revocation, the complainant would have been entitled to the relief prayed for.

As we have stated above, the offer embraced in the option that we have before us in this case was not binding upon the Holifields as a contract for want of consideration and could have been withdrawn by them at any time before its acceptance by the Veterans' Farm and Home Board and Mauldin. But, as it was not withdrawn, it constituted, nevertheless, a voluntary offer to sell, which like any other valid offer became obligatory when accepted by the Board and Mauldin.

We are aware of the fact that the rule stated above runs counter to the opinion rendered by this Court in the case of Stigler v. Jaap et al., 83 Miss. 351, 35 So. 948. The option which the Court had before it in that case was signed by Jaap on December 12, 1900, and was accepted by Stigler about one week later, well within the time limit and before withdrawal. And yet the Court in that case held that, ''since the $10 recited in the option as the only consideration had not been paid, it is perfectly clear that the contract for the option was based upon no consideration, and was hence not binding.'' The only authority cited by the Court in support of its opinion was Kolb v. Bennett Land Co., 74 Miss. 570, 21 So. 233, which we think is not in point and does not support the holding announced in the opinion. The holding of the Court in the Stigler case is contrary to the overwhelming weight of authority as shown in the reported

cases and is not in harmony with the opinions expressed by our own Court in the later cases of Bancroft v. Martin et al., supra, and Hollingsworth v. Nix et al., supra. We think that the Stigler case was incorrectly decided; and to avoid a conflict in our own decisions the opinion rendered in that case is hereby overruled.

For the reasons stated above the decree of the lower court ordering specific performance of the contract is affirmed; and the cause is remanded for such further proceedings as may be necessary to give effect to that decree.

Affirmed and remanded.

All Justices concur, except *Hall, J.,* who took no part in this decision.