TUCKER *v.* RUCKER, et al.

June 14, 1954

No. 39195          67 Adv. S. 130          73 So. 2d 269

*Alfred E. Stoner,* Greenwood; *Wynn, Hafter, Lake & Tindall,* Greenville, for appellant.

*Hardy Lott, Nelson E. Taylor,* Greenwood, for appellees.

APPELLANT IN REPLY.

HOLMES, J.

The appellees, James Dorman Rucker, Mrs. Eleanor Rucker Early and Nelson E. Taylor, executor of the estate of Blanche D. Rucker, deceased, brought this suit in the Chancery Court of Leflore County, Mississippi, against W. E. Tucker, an alleged resident of the State of Arizona, and Greenville Production Credit Association, an alleged resident defendant. The suit was originally filed as an attachment in chancery. It sought to recover of the appellant, W. E. Tucker, rent alleged to be owing by the appellant for Oak Grove Plantation in Washington County, Mississippi, for the year 1951, and also the sum of $360 evidenced by a note and alleged to have been advanced to the appellant to pay for improvements to be made by him on the plantation. The 1951 rent and the note for said sum of $360 were secured by a deed of trust executed by the appellant covering the 1951 crop and certain farming implements and equipment. The Greenville Production Credit Association was joined as a defendant for the purpose of binding in its hands funds alleged to have been received by the Association from the sale of 1951 crops grown on the plantation. The Greenville Production Credit Association paid the money into court and under an agreed decree, the clerk was directed to pay out of these funds the rent and the $360 to the appellees, which was done, and this settled the demand of the appellees.

The appellant filed an answer and cross-bill and sought by his cross-bill the specific performance of an alleged option to lease the Oak Grove Plantation to him for an additional term of years, and in the alternative, to recover damages for an alleged breach of the option.

The alleged option relied upon by the appellant was dated January 7, 1949, and was in the form of a letter addressed to the appellant and signed by Mrs. W. H. Rucker, who is the same person as Mrs. Blanche D. Rucker. It was alleged in the cross-bill that the letter was written by Mrs. Rucker acting for herself and as the duly authorized agent of the appellees, Mrs. Early and James Dorman Rucker, and that it was based upon a valuable consideration and was valid. The cross-bill further charged that in violation of the alleged option the appellees had leased the plantation for a term of years to one C. C. Trotter without according to the appellant the right of refusal to lease the same for an additional term on the same basis.

The case proceeded to trial on the cross-bill and at the conclusion of the testimony a final decree was rendered dismissing the cross-bill. From this decree the appellant prosecutes this appeal.

The issues on this appeal have been narrowed by the appellant's admissions. He concedes that he is not entitled to have granted his prayer for specific performance. He further concedes that there is no proof that Mrs. Rucker was duly authorized by W. H. Rucker, James Dorman Rucker, or Mrs. Early to write the letter upon which the appellant relies. He contends, however, that the letter was effective to bind the one-third interest in the plantation which was later inherited by Mrs. Rucker upon the death of her husband, and which later passed by inheritance to the appellees, James Dorman Rucker and Mrs. Early, upon the death of Mrs. Rucker.

This brings into review the question of the validity of the claimed option, that is to say, whether or not under

the facts of this case it became a binding obligation upon the estate of Mrs. Rucker.

We state briefly the facts which are pertinent to our decision of this question. On and for sometime prior to October 7, 1946, W. H. Rucker, who was the husband of Blanche D. Rucker and the father of James Dorman Rucker and Mrs. Eleanor Rucker Early, was the owner of Oak Grove Plantation, comprising a little in excess of 1,300 acres in Washington County, Mississippi. On that date, W. H. Rucker leased the plantation to the appellant under a written lease for a term of five years beginning January 1, 1947, and expiring December 31, 1951, at a rental of $4,000.00 per year, subject to be increased according to a schedule set forth in the lease and based on the price in October of any year of the lease of cotton of a certain grade and staple on the Greenville market. The lease provided terms whereby the appellant was obligated to make certain repairs to the leased premises, such as ditching, drainage, clearing land, and maintaining the houses in a good state of repair, ordinary wear and tear excepted. On January 7, 1949, Mrs. Blanche D. Rucker wrote a letter to the appellant which forms the basis of this law suit. The letter is as follows:

"January 7, 1949

"Mr. W. E. Tucker,
"Chatham, Miss.

Dear Mr. Tucker:

Pursuant to our agreement, this is to confirm our willingness to permit you to deduct from your rent payment for the crop year 1949, the sum of two hundred dollars, which you are to use in paying the expense of moving three tenant houses from the back locations of Oak Grove Plantation, upon the more accessible roadways.

I also wish to confirm our agreement that should your lease, having three years to remain in effect at this time, not be extended in writing before the expiration of this lease, you will have the right of refusal of renting

this plantation for an additional term of years, at any bona fide offer made to our family. Should it be determined to sell this plantation, you shall have the refusal of meeting any bona fide offer to purchase.

Trusting that our relationship will continue to be as pleasant as in the past and wishing you every success, I am

Yours very truly,
Mrs. W. H. Rucker.''

At the time this letter was written, Mrs. Rucker had no title to or interest in Oak Grove Plantation. She was not authorized to write the letter by W. H. Rucker or either of the appellees, James Dorman Rucker and Mrs. Eleanor Rucker Early. At the time the appellant received the letter he was in possession of the property under the lease from W. H. Rucker and was accounting to W. H. Rucker for the rent and thereby recognizing him as the landlord and owner of the premises. W. H. Rucker died on February 12, 1949, approximately a month and a half after the letter was written. Mrs. Rucker renounced her husband's will and elected to take her legal share as an heir of her deceased husband, and thereupon the title to the plantation passed to Mrs. Rucker and the two children, James Dorman Rucker and Mrs. Early, each acquiring an undivided one-third interest therein. Following the death of Mr. Rucker, James Dorman Rucker and Mrs. Early, both adults, assigned to their mother their interest in the unexpired term of the aforesaid Tucker lease. Mrs. Rucker died on March 31, 1951, and her interest in the plantation passed to her children, James Dorman Rucker and Mrs. Eleanor Rucker Early, and the two children thus became vested with the title to the property in the proportion of an undivided one-half interest each. Prior to the death of Mrs. Rucker, the appellant told Mrs. Rucker and her attorney, Nelson E. Taylor, that he desired to renew his lease, stating, according to his testimony, that he had a letter from Mrs. Rucker granting him the right

of refusal to renew the lease for an additional term. He admits that he did not press his claim for renewal lest it might result in an increase in the rent. Mr. Taylor and Mrs. James Dorman Rucker testified, however, that appellant claimed to have a letter from Mr. Rucker, and not from Mrs. Rucker, granting him the right of refusal to renew the lease. He was asked to produce the letter but failed to do so.

This conflict in the testimony created an issue of fact, which the chancellor, as indicated by his dismissal of the cross-bill, resolved against the appellant, and it must be accepted as true on this appeal that appellant never accepted or attempted to accept the offer of the right of refusal to lease the property for an additional term as based on the letter signed by Mrs. Rucker. On May 29, 1951, James Dorman Rucker and Mrs. Early, the then full owners of the entire plantation, leased the same to C. C. Trotter for a term of five years beginning January 1, 1952, at which time possession of the property was surrendered by the appellant and the said Trotter entered into the possession thereof under his lease.

The letter signed by Mrs. Rucker recited no consideration, and none was proved. It is argued by the appellant that the consideration consisted of certain improvements to be made on the plantation and he undertook to show through the testimony of his manager, James E. Lisenby, that after the receipt of the letter certain improvements were made, such as clearing land, ditching, installing closets in the residence, building a grain bin which appellant desired for storing grain, and building an addition to the shop. Lisenby did not testify, however, nor did any other witness, that there was any agreement that these improvements were to be made as a consideration for the offer of the right of refusal set forth in the letter or that they were so made. Furthermore, the said improvements so claimed to be made by the appellant were of a like nature as the improvements and repairs which

he was required to make as a part of the obligation of his lease which expired on December 31, 1951, or were such as he may have desired to make for his own benefit and convenience throughout the remaining three years of his lease.

It is our conclusion, therefore, under the facts of this case, that the letter relied upon by the appellant constituted merely a unilateral offer, unsupported by any consideration, and that it was subject to revocation at any time before acceptance, and that it was never accepted during the lifetime of Mrs. Rucker and was terminated by her death. This conclusion is supported by the prior decisions of this Court, as well as authorities generally. In the recent case of Holifield, et al. v. Veterans Farm and Home Board, 67 So. 2d 456, we held that an option to purchase realty is not binding as a contract if there is no consideration for the option unless it is accepted within the time limit and before the offer is withdrawn.

In 12 Am. Jur., par. 35, page 530, we find the following: "An offer which is subject to revocation is terminated by the death of the offerer, but this is not true of an offer not subject to revocation. The death of the offeree also terminates a revocable offer, such as an option without consideration."

The conclusion which we have reached renders it unnecessary for us to discuss other questions presented by counsel in their briefs.

We are accordingly of the opinion that the decree of the court below is correct and that it should be and is affirmed.

Affirmed.

*Roberds, P. J.*, and *Hall, Lee* and *Ethridge, JJ.*, concur.