LEE, Justice,
for the Court:
ON MOTION FOR FIVE PERCENT (5%) DAMAGES PURSUANT TO MISSISSIPPI CODE ANNOTATED SECTION 11-3-23 (1972)
The decree of the Chancery Court of Washington County ordering specific performance of an option contract involving land valued at three hundred thousand dollars ($300,000) was affirmed by this Court on March 16, 1977 [McGee v. Clark, 343 So.2d 486 (Miss.1977)]. Appellees have filed a motion for the awarding of damages as set out in our Rule 19.
Mississippi Code Annotated Section 11-3-23 (1972) provides for damages on certain judgments and covers five (5) categories of cases:
“In case the judgment dr decree of the court below be affirmed, or the appellant fail to prosecute his appeal to effect, the supreme court . shall, render judgment against the appellant for damages, at the rate of five per centum and costs, as follows:
[1] If the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum.
[2] If the judgment or decree be for the possession of real or personal property, the damages shall be assessed on the value of the property.
[3] If the judgment or decree be for the dissolution of an injunction or other restraining process at law dr in chancery, the damages shall be computed on the amount due the appellee which was enjoined or restrained.
[4] If the judgment or decree be for the dissolution of an injunction or other restraining process as to certain property, real or personal, or a certain interest in property, or
[5] be a judgment or decree for the sale of property, or some interest in it, to satisfy a sum out of the proceeds of sale, or to enforce or establish a lien or charge or claim upon or some interest in property, and the only matter complained of on the appeal is the decree as to some particular property or claim on it, the damages shall be computed on the value of the property or the interest in it, if the value of the property or interest in it be less than the judgment or decree against it; but if the value of the property or interest in it be greater than the amount of the judgment or decree against it, the damages shall be upon the amount of the judgment or decree.”
Clearly, if appellees may recover five percent damages, they must come within Category No. 5.
Bancroft v. Martin, 144 Miss. 384, 109 So. 859 (1926), was a suit for specific performance on a contract to convey land. The trial court dismissed the bill and this Court affirmed. The appellee claimed five percent (5%) damages under the statute, contending that he had filed a lis pendens notice in the suit and that it involved a judgment to enforce or establish a lien or charge or claim upon or some interest in property. This Court said:
“The decree of the court below did not enforce or establish any lien or charge or claim upon or any interest in the property involved in the suit; it simply declined to *916 enforce or establish a claim thereto asserted by the appellant.
The statute is highly penal, and must be strictly construed.” 144 Miss. at 392, 109 So. 859.
Subsequently, the case of McKendrick v. Lyle Cashion Company, 234 Miss. 325, 104 So.2d 295, 105 So.2d 480, 106 So.2d 509 (1958) sought to establish an interest in oil lands, which relief was refused, and damages were not allowed. The Bancroft and McKendrick cases indicated that had specific performance been granted and an interest in the oil lands established, the five percent damages would have been allowed.
In Antley v. Mississippi State Highway Commission, 318 So.2d 847 (Miss.1975), Antley appealed from an award of thirteen thousand dollars ($13,000) for land condemned by the Mississippi State Highway Commission. The award was affirmed and, in allowing five percent (5%) damages to appellee, the Court said:
“Antley stands before this Court as any other litigant. When he appealed he was faced with the possibility of being taxed with appeal costs and damages as a condition of his appeal. He is not entitled to an appeal free of the conditions imposed upon other appellants.” 318 So.2d at 851.
Damages follow affirmance of a case as a penalty for appealing from a proper judgment or decree. We hold that the decree of specific performance requiring appellants to convey the land involved to appellees established and enforced their claim upon the lands and that appellees are entitled to five percent (5%) damages as provided by Section 11-3-23, and judgment is entered accordingly.
MOTION SUSTAINED AND FIVE PERCENT (5%) DAMAGES OF FIFTEEN THOUSAND DOLLARS ($15,000) AWARDED.
All Justices concur.