360 So.2d 932 (1978)
C.B. WALLACE
v.
LaRoyce JONES.
No. 50273.
Supreme Court of Mississippi.
July 19, 1978.
*933 Darden, Sumners, Carter & Trout, Lester F. Sumners, New Albany, for appellant.
Price & Krohn, Robert G. Krohn, J.B. Mitchell, Corinth, for appellee.
EN BANC.
SUGG, Justice, for the Court:

ON MOTION TO CORRECT JUDGMENT
The decree of the Chancery Court of Alcorn County ordering specific performance of an option contract for the purchase of land for the consideration of $22,500 was affirmed by this Court without opinion. Jones, the appellee, has filed a motion under Supreme Court Rule No. 19 for assessment of the statutory penalty of five percent prescribed by section 11-3-23 Mississippi Code Annotated (1972). In opposition to the motion, Wallace, the appellant, asserts that the statute violates the equal protection requirements of the Fourteenth Amendment to the United States Constitution. Wallace argues that the statute as applied by decisions of this Court denies litigants equal protection of the law and cites McGee v. Clark, 343 So.2d 486, 346 So.2d 914 (Miss. 1977) and Bancroft v. Martin, 144 Miss. 384, 109 So. 859 (1926) in support of his argument.
In McGee the trial court ordered specific performance of an option contract involving land against the defendant, McGee. McGee appealed unsuccessfully and, on motion, five percent damages were allowed.
In Bancroft the trial court dismissed Bancroft's bill for specific performance of an option contract involving land. Bancroft appealed and this Court affirmed. On appellee's motion for five percent damages this Court held that no penalty would be assessed because the trial court did not render a decree establishing a claim or lien on land. In his brief, Wallace states:
Jones relies upon McGee because he won. If he had lost he would be entitled to hide behind Bancroft. Wallace, the man with the land, gets it in the neck either way. That is not equal justice no matter how long it has gone unquestioned.
The statute provides that five percent damages will be assessed if the judgment or decree affirmed is for: (1) a sum of money, (2) possession of real or personal property, (3) dissolution of an injunction or other restraining process involving real or personal property, (4) the sale of property, or some interest in it, to satisfy a sum out of the proceeds of sale, and (5) enforcement or establishment of a lien, charge or claim upon property or some interest in property.
The statute makes no provision for the assessment of damages where a plaintiff or complainant appeals who did not obtain a judgment or decree in his favor in the trial court, but limits assessment of damages to those cases in which the judgment or decree appealed from provides for recovery in one of the five categories listed above. If a plaintiff recovers a judgment against a defendant, appeals, and the judgment is affirmed, plaintiff is assessed five percent damages on the amount of the judgment appealed from. Pearce v. Ford Motor Co., 235 So.2d 281 (Miss. 1970). The statute does not discriminate against a class of litigants because all unsuccessful appellants, whether plaintiff or defendant, are subjected to five percent damages where the judgment or decree appealed from permits recovery. Consequently, the statute does not discriminate within the classes established by it and permits assessment of damages only when the judgment or decree appealed from permits recovery by one of the parties in the trial court.
*934 We conclude that the statute as applied by our decisions does not violate the due process requirements of the Fourteenth Amendment.
Wallace next argues that the damages should be assessed, if at all, on $10,500 instead of $22,500. With this we agree.
The option contract provided that Jones pay $22,500 for the land involved in installments and provided that if Wallace dies before all the installments became due, the remaining installments would be forgiven. At the time of the appeal Jones had paid $10,500 toward the purchase price of the property, and will not be required to pay the remaining $12,000 if Wallace dies before the remaining installments accrue. Therefore, the balance due for the purchase of the land is highly speculative and rests upon a contingency indeterminate in point of time.
In M.T. Reed Construction Co. v. Martin, 215 Miss. 472, 63 So.2d 528 (1952) we affirmed a Workmen's Compensation award but held that the five percent damages would be limited to the installments which had accrued. No damages were allowed on installments accruing in the future because they might be terminated by the death of Martin. See also: Komp Equipment Co. v. Clinton, 236 Miss. 560, 111 So.2d 259 (1959); L.B. Priester & Son v. McGee, 234 Miss. 471, 106 So.2d 394 (1958); United States Fidelity & Guaranty Co. v. Collins, 221 Miss. 319, 96 So.2d 456 (1957); Railway Express Agency v. Hollingsworth, 231 Miss. 688, 74 So.2d 754 (1954).
We therefore conclude that the five percent damages should not apply to installments that might be terminated by the death of Wallace, but apply only to the $10,500 paid by Jones.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE and COFER, JJ., concur.
BOWLING, J., takes no part.