CARLTON G. BEALL v. CECELIA M. BEALL

[No. 1065, September Term, 1979.]

*Decided May 8, 1980.*

490

The cause was argued before MOORE, LOWE and COUCH, JJ.

*J. Frederick Garner,* with whom was *C. Calvert Lancaster* on the brief, for appellant.

*Steven Rosen,* with whom were *Willoner, Calabrese & Rosen, P.A.* on the brief, for appellee.

MOORE, J., delivered the opinion of the Court.

This appeal concerns an alleged option agreement and a suit by Carlton G. Beall for the specific performance thereof. The Circuit Court for Prince George's County (Melbourne, J.) found the agreement unsupported by consideration and dismissed plaintiff's bill of complaint pursuant to Maryland Rule 535. From that order, he appeals to this Court.

I

In 1968, the plaintiff, Carlton G. Beall, purchased a farm in Prince George's County from Pearl Beall. At that time, the property was farmed by Pearl's son, Calvin Beall. The record discloses that Carlton, the plaintiff, and Calvin were second cousins. Calvin was married to Cecelia M. Beall, the defendant herein. Carlton agreed that Calvin could continue to farm the property if he would pay the annual property taxes. Calvin and Cecelia owned and resided on a parcel of about one-half acre that was bordered on three sides by the farm bought by the plaintiff; and it is that parcel that is the subject of this dispute.

On the day that plaintiff contracted to buy Pearl's farm, he obtained a three-year option to purchase Calvin's and

Cecelia's parcel for $28,000.00. The option recited a consideration of $100.00 which was paid by check. In 1971, the parties executed a new option, for five years, but on the same terms and reciting an additional $100.00 consideration.

This 1971 option was never exercised by the plaintiff, but prior to its expiration the following language was appended at the bottom of the page:

> "As of October 6, 1975, we, Calvin E. Beall and Cecelia M. Beall, agree to continue this option agreement three more years — Feb. 1, 1976 to Feb. 1, 1979.
>
> /s/   Calvin E. Beall
> /s/   Cecelia M. Beall."

It is this purported extension that forms the basis for plaintiff's bill of complaint seeking specific performance of the agreement. Calvin died in August 1977, and Cecelia now holds the fee simple title by right of survivorship. In letters dated May 24, 1978 and September 14, 1978, the plaintiff advised Cecelia that he was electing to exercise the option. He scheduled settlement for October 5, 1978. As the chancellor found:

> "It is undisputed in this case that Mr. Carlton Beall did eventually hire attorneys to search the title, set a settlement date, attend the settlement, and was ready, willing and able to perform the contract."

Cecelia refused to attend settlement, and this suit for specific performance ensued.

At trial, after plaintiff presented his evidence, Cecelia moved to dismiss the bill of complaint. The chancellor granted the motion because she felt that the option agreements were not supported by consideration in that "no benefit . . . flowed to Cecelia Beall." In addition, as to the 1975 alleged option, the chancellor ruled:

> "[T]here is no consideration recited in that extension or purported extension of the original

option contract. And the one extension that had occurred in the interim, even then would also fail because there is no consideration stated in the extension. It is clear that consideration must pass for the extension each time, in some form of consideration. None is stated within the written four lines."

On appeal, the plaintiff contends that the chancellor erred in dismissing the bill of complaint and in excluding certain testimony relative to oral transactions with Calvin, the deceased husband of the defendant.

## II

Under Maryland law it is clear that "an option is not a mere offer to sell, which can be withdrawn by the optionor at any time before acceptance, but a binding agreement if supported by consideration." *Blondell v. Turover,* 195 Md. 251, 256, 72 A.2d 697, 699 (1950). In other words, an option is an agreement to keep an offer open that requires consideration to give it its irrevocable character. *Goldman v. Connecticut General Life Insurance Co.,* 251 Md. 575, 581, 248 A.2d 154, 158 (1968). Once the option is exercised by the optionee a binding contract is created that may be enforced through a decree commanding specific performance. *Diggs v. Siomporas,* 248 Md. 677, 681, 237 A.2d 725, 727 (1968); *Blondell v. Turover, supra,* 195 Md. at 256, 72 A.2d at 699. It is apparent, then, that an option must be supported by consideration in order to be irrevocable for the period provided in the option.

When, however, the consideration allegedly supporting an option fails or is nonexistent, the option is no longer irrevocable but rather it becomes "a mere offer to sell, which can be withdrawn by the optionor at any time before acceptance...." *Blondell v. Turover, supra,* 195 Md. at 256, 72 A.2d at 699. The failure of consideration destroys the irrevocability of the option; it nonetheless retains its essential characteristic as an offer to buy or sell for the

period stated in the option or until revoked. It has been recognized that equity will enforce a resulting contract despite lack of consideration for the option:

> "While the rule that equity will enforce a contract consummated by the acceptance of an option within the time and upon the terms of the option is often stated in such a way as to suggest or imply the necessity of consideration for the option, all that is meant in most cases is that a consideration is necessary to prevent the defendant from asserting his withdrawal of the option before its acceptance by the plaintiff and before the expiration of the time fixed in the option within which acceptance could be made."

71 Am. Jur. 2d, *Specific Performance* § 143 (1973) (footnotes omitted). *See* 1A *Corbin on Contracts* § 263 (1963). *See generally Kahn v. General Development Corp.,* 40 Del. Ch. 83, 92, 174 A.2d 307, 312 (1961) (failure of consideration "destroyed the irrevocability of the option"). *Burkhead v. Farlow,* 266 N.C. 595, 597, 146 S.E.2d 802, 804 (1966) (option without consideration was "mere offer to sell which defendants might have withdrawn at any time before acceptance"); *Rose v. Minis,* 41 N.J. Super. 538, 543, 125 A.2d 535, 538 (1956) (option which is mere offer is "simply a naked revocable authority").

Assuming, *arguendo,* that the 1975 option was unsupported by consideration, it remained as an offer to sell the parcel for $28,000. The offer was open until February 1, 1979, but it was revocable at any time by action of Calvin and Cecelia Beall. As stated in the case of *Holifield v. Veterans' Farm & Home Board,* 218 Miss. 446, 450, 67 So. 2d 456, 457 (1953):

> "It is well settled that an option is not binding as a contract where there is no consideration, *unless it is accepted within the time limit and before the offer is withdrawn.* Since there was no consideration paid by the Veterans' Farm and Home Board and

> Mauldin for the option, it could have been revoked by the Holifields at any time before the Veterans' Farm and Home Board and Mauldin notified them that they intended to buy the land; *but since the offer was accepted within the time limit and before withdrawal, the contract became binding upon all parties as it was thereafter supported by the consideration of the mutual promises."* (Emphasis added.)

This statement is generally in accord with the Maryland cases, *supra.*

The chancellor should, therefore, have determined whether or not there was a valid, unrevoked offer to sell the property in dispute and whether or not there was a proper acceptance of that offer sufficient to create a contract specifically enforceable in equity.[1] These issues of offer and acceptance primarily involve factual determinations that initially must be evaluated by the chancellor. As an appellate court, we are limited to a review of the chancellor's findings under the "clearly erroneous" standard. Md. Rule 1086. But our review is dependent upon the existence of factual findings on the issues material to the case. Such findings were not made below.

It was error for the chancellor to dismiss plaintiff's bill of complaint at the close of his case. A new trial, in accordance with this opinion, is necessitated.

> *Order reversed; cause remanded for a new trial in accordance with this opinion; costs to abide the final result.*

---

1. We express no opinion concerning the validity of the chancellor's finding that there was no consideration for the option.