# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00724-COA

**JAMES HARVEY COOK**                                               **APPELLANT**

**v.**

**WOODY VOWELL**                                                    **APPELLEE**

DATE OF JUDGMENT:                12/28/2022
TRIAL JUDGE:                     HON. JOSEPH KILGORE
COURT FROM WHICH APPEALED:       CHOCTAW COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:          DAVID E. BANE JR.
ATTORNEY FOR APPELLEE:           DOUGLAS S. CROSBY
NATURE OF THE CASE:              CIVIL - REAL PROPERTY
DISPOSITION:                     AFFIRMED - 09/17/2024
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., SMITH AND EMFINGER, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Woody Vowell sued James Cook in the Choctaw County Chancery Court for specific performance of an option to purchase an interest in real property Cook had conveyed him. After a bench trial, the chancery court ruled that Vowell was entitled to specific performance. Cook now appeals, raising two issues. He argues that the option Vowell relied upon was not supported by consideration and thus unenforceable. Cook also claims there was no valid offer and acceptance of the option contract. Upon review, we find Cook's arguments without merit and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On November 30, 2017, Cook executed a warranty deed on two tracts of land in Choctaw County, Mississippi, conveying one-half of his one-third interest in the property

to Vowell. The deed began:

> For and in consideration of ten dollars ($10.00) cash in hand paid, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by me/us, I/We, JAMES HARVEY COOK, do hereby sell, convey and warrant unto WOODY VOWELL [o]ne half of the interest which I own (being ½ of 1/3) in and to the following property. . . .

The final paragraph of the deed granted Vowell the following option: "The grantor further conveys unto the grantee an option to purchase the remaining one half of his interest at the end of three years for the sale price of $41,566.60. Said option shall be binding on the grantor, his heirs, and assigns." The deed was filed the same day it was executed and with Vowell writing a check to Cook for $41,566.50,[1] noting in the lower left corner that the check stated it was for "land."

¶3.      Attorney Kevin Null prepared the deed at Vowell's request. Cook testified that when Vowell first approached him about selling his land, Cook did not want to, but he later signed the deed anyway. Null testified that when the parties originally met to negotiate the sale of the property, Cook was still reluctant to sell his entire interest in the property to Vowell, and in turn, Vowell was reluctant to purchase only a portion of Cook's interest. However, Vowell ultimately agreed to buy one-half of Cook's interest upon Cook's agreement to sell Vowell the other half interest. Null testified that "[i]n the absence of . . . the agreement to sell the remaining one-half interest, [Vowell] indicated that he was not willing to buy or pay

---

[1] There was a ten-cent difference between the warranty deed sale price and Vowell's check, which neither party explains nor contests.

2

for the initial one-half of his interest."[2]

¶4.    Before the option's expiration, Vowell decided to exercise it, and on October 22, 2020, Null delivered a letter to Cook on Vowell's behalf stating such. The letter noted that Vowell had engaged in personal conversations with Cook about Vowell's intent to exercise the option, which Cook refused to honor. The letter gave Cook ten days to respond to the letter, but Cook never did. Vowell testified that he had spoken with Cook about exercising the option "four or five times," and in response, Cook "was not positive." Cook told Vowell "he was not going to sell it, he didn't have to sell it and . . . he did not agree to that."

¶5.    In November 2020, Vowell sued Cook for specific performance on the option. Cook answered, asserting an affirmative defense that Vowell failed to state a claim for lack of consideration on the option.[3] In August 2022, a bench trial ensued, where the chancery court heard testimony from Null, Vowell, and Cook. Vowell testified that he was willing to tender Cook the contractual sum of $41,566.60 for the remaining one-half interest upon Cook's delivery of the warranty deed. Testimony showed Vowell had also paid all the property taxes on the land since 2017. Cook testified that he believed he was selling Vowell one-half of the interest with the option to sell the other half in three years *if* he wanted to sell

---

[2]  The deed also reserved to Cook the right to farm the land for his lifetime: "The grantor herein excepts from this conveyance and reserves unto himself the right to lease the property for grazing his cattle, cutting hay, gardening, and for such use as he pleases, at a rate of $1.00 per year for the remainder of his life."

[3]  Prior to trial, Cook moved to dismiss the complaint for the same reason. The chancery court took the motion under advisement. At the conclusion of Vowell's case-in-chief and at the trial's conclusion, Cook moved to dismiss Vowell's complaint under Mississippi Rule of Civil Procedure 41(b). Again, the chancery court took the motion under advisement to examine relevant law.

it. Testimony was undisputed, however, that Vowell contacted Cook to accept the offer before Cook took any action to revoke it.

¶6. After trial, the court issued a detailed bench opinion. While the court did not definitely determine whether there was consideration for the option, the court found *Holifield v. Veterans' Farm & Home Bd. of State*, 218 Miss. 446, 67 So. 2d 456 (1953), dispositive of the issue. In a factually similar case, the *Holifield* court granted specific performance on an option contract, basing its ruling on the following principle gleaned from numerous authorities: "It is well settled that an option is not binding as a contract where there is no consideration, unless it is accepted within the time limit and before the offer is withdrawn." *Id.* at 450, 67 So. 2d at 457. If these two circumstances are met, the option is binding upon all parties "as it was thereafter supported by the consideration of the mutual promises." *Id.* In the present case, the chancery court granted specific performance, concluding:

> Cook's motion to dismiss for lack of consideration must be denied because even if there was no consideration for the option itself as Cook contends, it is undisputed that Vowell exercised the option and accepted the offer as stated in the deed within the time limit expressly stated in the deed. Further, Cook did not withdraw the offer before it was accepted by Vowell; therefore, the contract became binding upon the parties as it was thereafter supported by the consideration of the mutual promises.

¶7. Cook timely filed a post-trial motion under Mississippi Rule of Civil Procedure 59 to alter the judgment or, alternatively, for a new trial. Cook argued that the offer was withdrawn before acceptance by Vowell, as allegedly indicated by Vowell's own testimony: Cook's response to Vowell's intent to exercise the option was "not positive." Thus, Cook

4

argues there was no valid offer or acceptance.

¶8.    After a hearing, the chancery court denied Cook's post-trial motion. The court found the testimony that Cook was "not positive" about Vowell's exercising the option did not indicate a withdrawal of the option. Therefore, the option consisted of a valid offer and acceptance. The court concluded:

> [while] Cook may have had reservations when he entered into the option contract, . . . [Cook] signed the deed with the option as is, and [indicated] he understood the option. Further, there was uncontradicted evidence that Cook himself 'came up' with this arrangement and that Vowell would not have moved forward with the deed were this provision not included.

(Record citations omitted). Cook appealed.

## STANDARD OF REVIEW

¶9.    "The existence of a contract and its terms are questions of fact to be resolved by the fact-finder, whether a jury or a judge in a bench[]trial." *Wells v. Price*, 102 So. 3d 1250, 1256 (¶17) (Miss. Ct. App. 2012) (quoting *Anderson v. Kimbrough*, 741 So. 2d 1041, 1045 (¶12) (Miss. Ct. App. 1999)). "The reviewing court will not disturb the findings of the chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, or applied an erroneous legal standard." *Id.* (citing *Wilson v. Greyhound Bus Lines Inc.*, 830 So. 2d 1151, 1155 (¶9) (Miss. 2002)). Contract construction, however, involves questions of law that are reviewed de novo. *Id.* (citing *G.B. "Boots" Smith Corp. v. Cobb*, 860 So. 2d 774, 777 (¶6) (Miss. 2003)).

## ANALYSIS

### I.    Consideration

5

¶10. On appeal, Cook maintains that the option portion of the contract was not supported by consideration and, thus, was unenforceable. It is well established that "[a] valid and enforceable option contract requires: (1) an adequate description of the property, (2) consideration, and (3) a date when the option must be exercised." *Prestenbach v. Collins*, 159 So. 3d 531, 533 (¶9) (Miss. 2014) (citing *Creely v. Hosemann*, 910 So. 2d 512, 520 (¶31) (Miss. 2005)). It is undisputed that the option contained an adequate property description and date. Cook, however, argues the price listed and the recital of consideration in the warranty deed were not for the option itself but for the remaining interest in the property. He notes that the option makes no mention of consideration. Also, Vowell's testimony did not mention his paying any consideration for the option—the purchase price was merely divided by two, with Vowell's making both payments without any additional amount. Relatedly, Cook cites Vowell's check to him for $41,566.50, payment for the first one-half interest, dated November 30, 2017, where the check's notation only stated it was "for land" with no mention of consideration for the option.

¶11. Admittedly, the evidence Cook presented did not show separate consideration for the option. However, Cook cited no authority that consideration separate from that offered for the deed was needed for the option. In his treatise on contracts, Professor Williston explains:

> In many contracts, there is more than one promise on a side. If each promise on one side is supported by a promise or performance allotted to it exclusively as its consideration, the contract is divisible. Otherwise, if the performances to be exchanged can be apportioned into corresponding pairs of part performances, so that the parts of each pair may properly be regarded as agreed equivalents, the performance by one party of all or part of an

6

apportionable pair has the same effect on the other party's duty to perform the agreed equivalent as if only that pair of performances had been promised. As the Restatement Second, Contracts provides, however, there is consideration for a set of promises if what is bargained for and given in exchange would have been consideration for each promise in the set if it was exchanged for that promise alone. *All promises or performances on one side frequently are indiscriminately made consideration for all promises or performances on the other, and if the performances or promises on one side fulfill the legal requirements of consideration, they will support any number of counter-promises on the other.*

3 Richard A. Lord, *Williston on Contracts* § 7:51, at 893-95 (4th ed. 2008) (emphasis added).

¶12. In *Swindle v. Harvey*, 23 So. 3d 562 (Miss. Ct. App. 2009), this Court held that no separate consideration was needed for an arbitration provision contained in a deed of trust. *Id.* at 573 (¶30). The appellees' "creative argument" was that the arbitration agreement failed because the bank did not give consideration for "their waiver of their constitutional right to present any disputes to a court of competent jurisdiction" *Id.* We rejected the appellees' argument that the arbitration agreement contained in the contract, "in and of itself, . . . required additional consideration in order to be valid." *Id.*

¶13. Here, Vowell testified that he would not have purchased any part of the property without Cook's promise that he would be entitled to purchase the remainder after three years. Thus, the promise appears to fall within the italicized portion of *Williston*. However, since the trial court did not make a ruling on whether additional consideration was needed, we see no reason to do so under the circumstances of this case.

¶14. The chancellor found that even if there was no consideration, the option was accepted within the time limit and before the offer was withdrawn; thus, under *Holifield*, the option

was valid. Usually, "[w]here the instrument in controversy contains a statement or recital of consideration, it creates a rebuttable presumption that consideration actually existed." *Creely*, 910 So. 2d at 516 (¶13) (quoting *Daniel v. Snowdoun Ass'n*, 513 So. 2d 946, 950 (Miss. 1987)). While the chancery court "carefully considered" *Creely*'s and *Daniel*'s rebuttable presumption rule, the court found *Holifield* "dispositive." The chancery court found that "'[e]ven if Cook is correct . . . that there was no consideration for the option itself, the *Holifield* case puts that argument to rest."

¶15. We agree. In *Holifield*, the supreme court ordered specific performance of a contract to sell and convey real estate when an option, unsupported by consideration, became binding. *Holifield*, 218 Miss. at 450, 453, 67 So. 2d at 457, 459. There, the Holifields signed and delivered to the veteran's board a written option to purchase and an agreement to convey certain real estate. *Id.* at 448, 67 So. 2d at 456. The option was in effect for ninety days and provided that upon payment of the purchase price, the Holifields would deliver to the board a warranty deed conveying title to the property. *Id.* The Holifields executed the option and agreement, and within the ninety days, they were notified that the board was ready to complete the purchase of the property. *Id.* at 449, 67 So. 2d at 457. However, when an attorney for the board tried to pay the Holifields the purchase price and have them execute the deed of conveyance, the Holifields told him "they had decided not to sell the land," and they refused to sign the deed. *Id.* at 449-50, 67 So. 2d at 457. The issue before the supreme court was whether the option, which admittedly was not supported by any consideration, was binding on the Holifields after the board notified them of the

8

board's intent to exercise the option. *Id.* The supreme court found because there was no consideration from the board for the option, it could have been revoked by the Holifields any time before the board notified them of its intent to buy the land. *Id.* But once the offer was accepted within the time frame and before withdrawal, the contract was binding on all parties, and consideration was the mutual promises. *Id.*

¶16. Here, the chancery court determined that the option was valid because Vowell exercised the option and accepted the offer within the three-year time limit expressed in the deed, and Cook did not withdraw the offer before Vowell accepted. We find no error in this determination of law. Whether a valid offer and acceptance existed leads us to Cook's next issue.

## II. Offer and Acceptance

¶17. Challenging the option's offer and acceptance, Cook claims that there was never a "meeting of the minds" between Vowell and himself regarding the option contract, meaning there could be "no offer and acceptance." Cook points to Vowell's testimony that he spoke with Cook several times about exercising the option, but Cook's response was "not positive." Cook also argues that he withdrew any offer he may have made to Vowell to purchase Cook's remaining interest before Vowell's acceptance. Neither argument persuades us.

¶18. "Generally, an enforceable contract consists of an offer, an acceptance of that offer, and consideration." *White v. Nationwide Mut. Ins. Co.*, 323 So. 3d 494, 498 (¶19) (Miss. 2021) (quoting *Ladner v. O'Neill (In re Est. of Davis)*, 42 So. 3d 520, 527 (¶29) (Miss.

9

2010)). As *Holifield* explains, when there is an option contract without consideration, "[a]cceptance of an outstanding offer completes the contract . . . so that neither the offer nor the acceptance can . . . be revoked." *Holifield*, 218 Miss. at 451, 67 So. 2d at 458 (quoting 66 C.J., *Vendor and Purchaser*, 528). *Holifield* acknowledges, though, that "[a] mere naked option, not supported by any consideration, may be withdrawn at any time before it is accepted, and if so withdrawn and revoked before the plaintiff signifies his acceptance of it, his later attempt to accept the offer and create a contract is of no effect." *Id.* (quoting 49 Am. Jur. p. 139, par. 118).

¶19. The chancery court made a factual determination that Cook did not withdraw the offer before Vowell accepted it, and we find no error in this regard. At the bench trial, Null testified that when Vowell contacted him about exercising the option, he drafted a letter to Cook, dated October 22, 2020, expressing Vowell's intent. Null never received a response from Cook. Vowell did, but not until after Vowell had expressed his intent to accept. Further, Vowell testified that he spoke with Cook "four, maybe five times, about exercising [the option]" before Cook declined to honor the option. According to the testimony of both Vowell and Null, Cook did not withdraw the offer before Vowell expressed his intent to Cook to exercise the option.

¶20. Citing *Bancroft v. Martin*, 144 Miss. 384, 109 So. 859 (1926), Cook maintains that his reluctance to honor the option was sufficient to revoke it. *Bancroft* held: "Formal notice of revocation . . . is not necessary and if the other party has, before accepting the offer, actual knowledge of any act of the offerer inconsistent with the continuance of the offer—such as

10

a sale of the property to a third person—that will constitute an effectual revocation." *Id.* at 384, 109 So. at 860 (quoting *Benjamin on Sales* 92, 23 R.C.L. 1288, 6 R.C.L. 604) (6th ed.)). Here, it is undisputed there was no third person involved in the sale of property. Cook argues he withdrew the offer and never reinstated it; so Vowell's acceptance was invalid. Cook describes the option contract as a unilateral contract, which could be withdrawn at any time before Vowell performed a binding act. Again, we disagree. When Vowell expressed his intent to exercise the unrevoked option, the contract became binding. Cook could have withdrawn the option any time before this act, but he did not.

## CONCLUSION

¶21. The chancery court did not err in denying Cook's motion to dismiss for lack of consideration and in granting Vowell's request for specific performance of the option contract. The court properly found, as a matter of law, that consideration was sufficient and, as a matter of fact, that there was a valid offer and acceptance of the option contract. Accordingly, we affirm.

¶22. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**