VICKSBURG, SHREVEPORT & PACIFIC RAILROAD COMPANY *v.* JAMES LAWRENCE.

1. CARRIERS. *Breach of contracts. Peremptory instruction. Damages.*
   In an action against a railroad company for breach of several contracts of carriage, a peremptory instruction to find for the plaintiff as to the first count of the declaration, based on one of the contracts, is erroneous if it direct the jury to award, on said count, the full sum demanded therein, when the evidence does not conclusively show the plaintiff to be entitled to so large a sum.

2. SAME. *Remittitur. Supreme court practice.*
   Such an instruction will not, however, warrant a reversal of the judgment recovered on the entire declaration, it being otherwise correct, if the appellee enter a remittitur of the sum demanded in the first count.

3. SAME. *Code 1892, § 4360. Damages in case of affirmance. Costs.*
   In case of the affirmance of a judgment by the supreme court, upon remittitur of a part thereof, the appellee is not entitled to recover the five per centum damages provided for in code 1892, § 4360, and, in such case, the supreme court will, in its discretion, apportion the costs of the appeal.

FROM the circuit court of Warren county.

HON. OLIVER W. CATCHINGS, Special Judge.

Lawrence, the appellee, was plaintiff, and the railroad company, appellant, defendant in the court below.

Motion to correct judgment.

The suit was for damages because of the breach of two contracts for the safe transportation of horses from Shreveport, Louisiana, to Vicksburg, Mississippi. On the first shipment two horses were killed and the first count of the declaration demanded $100 because thereof. The second count was predicated of the other shipment. The court instructed peremptorily for the plaintiff on the first count. The verdict of the jury and the judgment of the court below was for $1,000 in plaintiff's favor, and the defendant appealed to the supreme court.

*Mc Willie & Thompson*, for appellant.

*Dabney & Mc Cabe*, for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The peremptory instruction to find for the plaintiff on the first count was clearly understood by the jury as a direction to find the value of the two horses therein named at $100. Yet the plaintiff himself testified that all the horses were of about the same grade and value, and the jury found the value of the other twenty-six at $900, notwithstanding the plaintiff had been paid $175 on account of them, and the proof of value ranged from $30 to $50. It is obvious that too much was allowed for the first two horses, since $100 was manifestly found as their value. But appellee offers to remit the whole of the amount recovered under the first count. We find no error as to the second count, and, upon the remittitur being entered as indicated, the judgment will be          *Affirmed.*

MOTION.

After the delivery of the foregoing opinion, a remittitur being filed, the clerk of the supreme court entered a judgment awarding appellee $900 with interest, statutory damages, $45, and all costs. Thereupon the appellant made a motion to correct the judgment so as to relieve the appellant of the statutory damages and the costs of the appeal.

*R. H. Thompson*, for appellant, argued the motion orally.

The court did not deliver any written opinion on the motion, but sustained the same so as to modify the judgment releasing appellant from the $45 statutory penalty, and adjudging appellee to pay one-third of the costs of the supreme court.