GRILLIS *v.* PATRICK.

June 9, 1952.

No. 38461 (59 So. (2d) 341)

748

Allan **T. Edwards,** for appellant.

**J. L. Denman,** for appellee.

## Hall, J.

Appellee, as plaintiff, brought this suit against appellant, as defendant, for the recovery of damages for personal injuries sustained by him while riding an allegedly unsafe and dangerous horse in the course of his employment on appellant's farm. A jury in the county

court awarded damages in the sum of $2,950, the full amount sued for. The judgment entered thereon was affirmed by the circuit court.

Appellant contends that he was entitled to a peremptory instruction in the trial court for the reason that the appellee was an experienced horseman and assumed the risk in that he voluntarily undertook the task of breaking the animal as a saddle horse. ▮▮ Appellee's evidence is to the effect that the horse in question was dangerous, that it had thrown appellee on two previous occasions, that the dangerous character of the horse was known to appellant, that appellant required appellee to ride the horse in connection with his work on the farm, and that appellee did not voluntarily ride the horse. The evidence was sufficient to support a finding of negligence on the part of appellant, and his contention as to assumption of risk was fully answered by this Court in the case of Central Lumber Co. v. Porter, 139 Miss. 66, 77, 103 So. 506, 508, 42 A. L. R. 221, wherein we said: "It is next insisted that, conceding that the team was unsafe and that the master was negligent with reference thereto, still plaintiff, with knowledge of the character of the team, voluntarily used said team and assumed the risk of so doing. Under section 504, Hemingway's Code (chapter 156, Laws of 1914), an employee does not assume the risk of his employment where the master is negligent, with certain exceptions therein named, which do not apply to the plaintiff in this case. It was not, therefore, a bar to the plaintiff's right of action that he operated with the team furnished him by the company, under the circumstances disclosed. At most under this record it would be contributory negligence only." The cited statute has been brought forward as Section 1456, Code of 1942, and is still in full force and effect.

It is also contended that the trial court erred in overruling the motion for a new trial upon the ground that the verdict is contrary to the great weight of the evidence. As heretofore stated, the evidence was sufficient to sup-

port the jury's finding on the issue of negligence and we do not think that the verdict on that issue is contrary to the weight of the evidence.

Complaint is also made against two instructions granted to appellee. The first is on the facts necessary to constitute negligence and is fully supported by the decision in Central Lumber Co. v. Porter, supra. ██ █ The second is a very short instruction on the subject of damages and only authorizes the jury to award such damages as will compensate for the injuries sustained as shown by a preponderance of the evidence. There is no dispute in the evidence that appellee did sustain an injury and we think the instruction on damages was authorized under the proof.

It is lastly contended that the verdict is excessive and this point was raised in the motion for a new trial. ██ █ Appellee elected in his declaration to itemize his damages as follows: $250 for medical expenses, $1,500 for loss in wages, and $1,200 for pain and suffering. The record shows that he received medical attention but there is not one word of proof in the record as to any amount expended for that purpose. Nevertheless the jury awarded him the full amount sued for, which necessarily included $250 for medical attention. According to appellee's proof, supported by medical testimony, he sustained a very painful and serious injury which is in all probability permanent in character and we are of the opinion that the evidence is sufficient to support an award of $1,200 for pain and suffering and that it is also sufficient to support an award of $1,500 for loss of wages, past and prospective, but there is no proof to support the recovery of $250 medical expenses and the verdict is excessive by that amount. If the appellee will enter a remittitur for $250 within fifteen days hereafter the judgment will be affirmed for $2,700, otherwise it will be reversed and the cause remanded for a new trial on the issue of damages only.

If the remittitur is entered in this Court, the affirmance for $2,700 will bear interest from July 24, 1951, the date of the original judgment, and the costs will be assessed against appellant, but no damages will be allowed either on the appeal to the circuit court or on appeal to this Court. Mississippi State Highway Commission v. Burwell, 206 Miss. 490, 497, 39 So. (2d) 497, 40 So. (2d) 263

Affirmed with remittitur.

**McGehee, C. J.**, and **Alexander, Holmes** and **Ethridge, JJ.**, concur.