PEARL RIVER VALLEY WATER SUPPLY DISTRICT *v.*
BROWN, ET AL.

No. 43759 January 10, 1966 181 So. 2d 631

*Clifford C. Chittim, Watkins, Pyle, Edwards & Ludlam,* Jackson, for appellant.

*Dan M. Lee, W. D. Coleman,* Jackson; *Boyd, Holifield & Harper,* Laurel, for appellees.

### ON MOTION OF APPELLANT TO CORRECT JUDGMENT

RODGERS, J.

The appellant — hereinafter designated as Pearl River — filed a motion to correct a former judgment of this Court entered as a result of the application of Pearl River asking leave of this Court to dismiss its appeal in the foregoing action. The judgment of the circuit court, from which the appeal was perfected, recognized that appellees were the owners of the land described in the eminent domain proceeding, subject however, to certain liens in favor of the United States of America, for the use and benefit of the Director of Internal Revenue for the District of Mississippi, and also a lien in favor of Mrs. Frances Van Landingham Stewart. It also recognized that the payment of an award to appellees was dependent upon the payment of the respective interests of these lienholders. The former judgment of this Court does not mention the lienholders, and appellees state that they have no objection to the amendment of the judgment heretofore entered, so as to show the interest of the lienholders above set out as shown by the judgment of the circuit court.

*Pearl River* points out that the judgment entered allowed six percent interest on the amount of the award from the 13th of June 1962 (date of the filing of eminent domain proceeding) until paid, and contends by showing facts, set out in the motion to amend, that Pearl River has never obtained possession of the land in-

volved. Appellant contends therefore that it should not be required to pay interest on the award until it obtains possession by one of the two ways, namely: (1) The way set out in Mississippi Code Annotated section 2766 (b) (1956), or (2) payment of the sum specified in the judgment. A great many facts were alleged by Pearl River so as to show why the trial was delayed in the circuit court. Appellees countered with other facts, including the allegation that part of the land had been submerged, but there is no proof of facts before the Court on the motion here presented, except it is admitted that the judgment from which the appeal was taken was dated June 11, 1964.

This Court expressly held in Mississippi State Highway Commission v. Herring, 241 Miss. 729, 133 So. 2d 895 (1961), that the Court should have allowed six percent interest on the amount of the judgment of the circuit court in an eminent domain proceeding, from and after the date of the circuit court judgment. In addition to the cases set out in *Herring, supra,* we are of the opinion that the case of Mississippi State Highway Commission v. Treas, 197 Miss. 670, 20 So. 2d 475 (1945), is also authority for the proposition that interest should be added to the judgment, from and after its date. See also Miss. State Highway Comm'n v. Slade, 241 Miss. 721, 133 So. 2d 896 (1961); Miss. State Highway Comm'n v. Burwell, 206 Miss. 490, 40 So. 2d 263 (1949).

 We are therefore of the opinion that the former judgment of this Court should be corrected so as to add six percent interest to the judgment in the circuit court, from and after the date of the judgment, June 11, 1964.

We do not agree with the contention of Pearl River that the statutory five percent damages allowed by Mississippi Code Annotated section 1971 (1956) should not have been awarded appellees by our former judgment. The pertinent part of section 1971, *supra,* is in the following language:

"In case the judgment or decree of the court below be affirmed, or the appellant fail to prosecute his appeal to effect the Supreme Court shall render judgment against the appellant for damages, at the rate of five per centum and costs, as follows: If the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum."

We held in the case of State Highway Commission v. Mason, 192 Miss. 576, 4 So. 2d 345 (1941), 6 So. 2d 468 (1942), that the property owner was entitled to five percent damages upon the amount of the affirmed judgment in an eminent domain case.

Mississippi Code Annotated section 1965 (1956) provides that upon a voluntary dismissal of an appeal, the appellant "shall be liable to judgment by said court (Supreme Court) as in case of an affirmance of the judgment or decree."

 █ It is therefore apparent from the foregoing authorities that this Court was correct in allowing five percent damages on the amount of the judgment in the circuit court in this condemnation proceeding.

The former judgment of this Court in the foregoing cause of action will therefore be amended so as to set out the interest of the United States of America and that of Mrs. Frances Van Landingham Stewart, in accordance with the interest shown in the judgment of the circuit court. It will also be amended so as to allow six percent interest on the amount shown in the judgment of the circuit court, from and after the date of the judgment, June 11, 1964, and five percent statutory damages on the amount of the circuit court judgment will also be allowed.

So ordered.

*Gillespie, P. J., and Jones, Brady and Inzer, JJ.,* concur.