ON MOTION TO CORRECT JUDGMENT
INZER, Justice.
The final judgment of $60,000 entered in this case was entered as the result of a re-mittitur of $25,000 agreed to by appellee-landowner. The judgment provided for interest at the rate of six percent per annum from the date of the judgment in the trial court and for five percent statutory damages.
The judgment as entered is erroneous and must be corrected. It is conceded by both parties that if we follow our former decisions, appellee is not entitled to five percent statutory damages. We have held in a number of cases that where a judgment is entered in this Court as a result of a remittitur by the appellee, the ap-pellee is not entitled to recover the five percent statutory damages. Mississippi State Highway Commission v. Herring, 241 Miss. 729, 133 So.2d 279 (1961); Mississippi State Highway Commission v. Burwell, 206 Miss. 490, 39 So.2d 497, Motion to Correct Judgment 40 So.2d 263 (1949); and cases cited therein.
The judgment as entered is also incorrect in that it does not provide for the proper interest. The petition for condemnation was filed pursuant to the provisions *922 of Chapter 489, General Laws of Mississippi 1972, now codified as Sections 11-27-81 through 11-27-91, Mississippi Code 1972 Annotated. This Act gave the highway commission, if it so desired, the right to take immediate possession of the property it sought to condemn. The petition was filed on September 12, 1972, and the statutory procedure was followed. On January 17, 1973, the Court entered an order authorizing immediate entry and access to the property by the highway commission upon the payment of not less than 85 percent of the total compensation as determined by a disinterested appraiser. Thereupon the commission deposited with the clerk of the court $21,250, which was 85 percent of the amount of compensation determined by the appraiser. The landowner took no action to withdraw these funds and the funds have remained in the hands of the clerk since that date.
Appellee contends that since she did not withdraw these funds, she is entitled to interest at the rate of six percent on $21,250 from the date the petition was filed until the judgment is paid. In support of this contention she relies upon Section 11-27-19, Mississippi Code 1972 Annotated, which provides, among other things, that “any judgment finally entered in payment of the property to be taken shall provide legal interest on the award of the jury from the date of the filing of the petition until payment is actually made; provided, however, that interest need not be paid on any funds deposited by the petitioner and withdrawn by the defendants prior to the judgment.” This section was enacted prior to the passage of Chapter 489, supra, and applies to funds paid into the court under the regular condemnation proceedings. The legislature, in passing the quick-take law, gave the defendants the absolute right to withdraw the funds deposited with the clerk subject only to the order of the court as to their distribution. When the highway commission deposited these funds with the clerk of the court, it had no further control of the funds and no right to withdraw them. The only person who could have obtained and used the money was the landowner. In fact, the statute provides that if the amount'of the compensation as determined on final disposition is less than the amount deposited in court, the petitioner’s only remedy is a personal judgment against the owner for the difference. Under these circumstances, the commission should not and is not required to pay interest on this amount deposited after the date of its deposit.
Under the provisions of the Act, the landowner is entitled to interest on the excess of the amount paid into court at the rate of eight percent per annum from the date the petition was filed until the judgment is finally paid. In this case the excess amounts to $38,750. We find no merit in appellant’s contention that appellee is only entitled to six percent interest on this amount for the reason that it did not physically take possession of the property. The highway commission had the right of entry and possession and what it did relative to taking actual physical possession of the property was entirely within its discretion. It at least had constructive possession and it is liable under the statute for eight percent interest on $38,750 from the date the petition was filed until the judgment is paid.
The motion to correct judgment, after being considered before all Justices en banc, will be sustained and the judgment will be corrected so as to eliminate the five percent damages awarded appellee. The judgment will also be corrected to provide for interest at the rate of six percent per annum on $21,250 from September 12, 1972, until January 17, 1973, and in addition thereto it will provide for interest at the rate of eight percent per annum on $38,750 from September 12, 1972, until paid.
All Justices concur, except GILLESPIE, C. J., who took no part.