318 So.2d 847 (1975)
G.B. ANTLEY
v.
MISSISSIPPI STATE HIGHWAY COMMISSION.
No. 47989.
Supreme Court of Mississippi.
September 22, 1975.
*848 Adams & Odom, Meridian, for appellant.
Williams, Gunn & Crenshaw, Robert D. Jones, Meridian, for appellee.

ON MOTION TO CORRECT JUDGMENT AND MOTION TO RETAX COSTS
SUGG, Justice:
The Mississippi State Highway Commission filed a petition to condemn some land belonging to G.B. Antley in Lauderdale County. Antley appealed from a judgment awarding him $13,000 damages for the land condemned by the Highway Commission. The case was affirmed without opinion on April 7, 1975 and appeal costs were taxed against Antley. The Highway Commission filed a motion to correct the judgment to allow it five percent damages on the amount of the judgment. Antley answered, denied the right of the Highway Commission to recover damages, and filed a motion to retax appeal costs.
The question is, does the "due compensation" requirement of Article III, Section 17, Mississippi Constitution of 1890 and the Fifth Amendment to the U.S. Constitution prohibit taxing a landowner with appeal costs and damages when he appeals from a judgment of a special court of eminent domain and is not successful in having the award increased on appeal?
Mississippi Code Annotated section 11-27-29 (1972) provides that any party may appeal directly to the Supreme Court from a judgment entered by a special court of eminent domain and that all parties, except the State of Mississippi or any political subdivision, shall file a bond for costs conditioned to pay all costs that may be adjudged against him. Mississippi Code Annotated section 11-3-23 (1972) provides in part as follows:
In case the judgment or decree of the court below be affirmed, or the appellant fail to prosecute his appeal to effect, the supreme court shall render judgment against the appellant for damages, at the rate of five per centum and costs, as follows: If the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum... .
The constitutionality of the application of these statutes to a landowner in eminent domain cases is a question of first impression in Mississippi. We note a diversity of opinion in cases from other jurisdictions, but the better reasoned cases permit taxing *849 appeal costs against a landowner when the award is not increased on appeal.
The reason for taxing appeal costs against a landowner who appeals unsuccessfully is set forth in Kelly v. Oklahoma Turnpike Authority, 269 P.2d 359 (Okl. 1954), in the following language:
As pointed out in the Jarvis case,[1] supra, there are two lines of authority respecting this question. One line of authority holds that upon appeal no costs may be assessed against the owner, without regard to which party took the appeal or to the eventual outcome thereof. See Lewis on Eminent Domain, Sec. 559; City of Oakland v. Pacific Coast Lumber & Mill Co., 172 Cal. 332, 156 P. 468, Ann.Cas. 1917E, 259. This rule is based upon the principle that an appeal constitutes merely another step in condemnation proceedings by which it is sought to establish the owner's compensation, so that no part of the costs may be assessed against such owner, on appeal by the condemnor.
The other line of authority, which announces what we conceive to be the better rule, is to the effect that condemnation proceedings end at the point where an award has been determined by the "tribunal established for that purpose." Thereafter an appeal constitutes a separate proceeding, so that allowance of costs on appeal does not violate constitutional provisions requiring just compensation to landowners whose property is taken by eminent domain. Music v. Big Sandy, etc., R. Co., 163 Ky. 628, 174 S.W. 44, Ann.Cas. 1916E, 689: Moffat v. City and County of Denver, 57 Colo. 473, 143 P. 577. (269 P.2d at 364, 365).
In Moffat v. Denver, 57 Colo. 473, 143 P. 577 (1914), the Colorado Supreme Court reached the same conclusion, and said:
By the decree of the trial court it was provided that petitioner pay the costs up to the time of and including the filing of the report of the commissioners, and that plaintiffs in error pay the costs incurred by them subsequent to the filing of such report. With respect to costs the statute (section 6598, Rev.St. 1908) provides:
"The costs of the proceedings, up to and including the filing the report of the commissioners, shall be paid by the city, and as to any costs caused by subsequent litigation, the costs shall be paid by the losing party."
Counsel for plaintiffs in error contend, that this provision is unconstitutional, for the reason that requiring a respondent in condemnation proceedings to pay any part of the costs is an infringement of his constitutional right to full and just compensation for taking and damaging his land. As applicable to this case we think not. If either party is dissatisfied with the award of the commissioners, objections thereto may be filed. If this course is pursued a new issue, so to speak, is presented, namely, whether the award should stand, and there can be no valid objection to taxing the costs in such proceeding to the losing party, although he be the respondent. He takes the chances, when objections are interposed to the report if he contests them, of having them sustained, wholly or in part, and when he does so and is rightfully defeated, he ought to pay the reasonable costs entailed by such proceedings. This is a different proposition from taxing him with any part of the costs down to the time the commissioners make their report, as that would reduce the amount of compensation to which he is entitled before his property can be taken or damaged. There is some conflict in the decisions on the question presented, but we think the weight of authority upholds the statutory provisions under consideration, and that the taxation of costs in the particulars involved is controlled by the statute on the *850 subject. (57 Colo. at 483-484, 143 P. at 580-581).
In Kitsap County v. Melker, 52 Wash. 49, 100 P. 150 (1909), appeal costs were taxed against an appealing landowner. The Court held that the condemning party had performed its full duty toward the landowner with respect to costs when it bore the costs of the proceeding in the trial court, and concluded:
To hold otherwise would be to hold that an appeal is a necessity in all condemnation cases, and that any law providing a procedure which does not direct an appeal at the expense of the condemning party would be invalid... . (52 Wash. at 52, 100 P. at 151).
See also State v. Miller Home Development, Inc., 243 Minn. 1, 65 N.W.2d 900 (1954), 50 A.L.R.2d 1377 (1954); Music v. Big Sandy and Kentucky R.R., 163 Ky. 628, 174 S.W. 44 (1915); Broadway Coal Mining Co. v. Smith, 136 Ky. 725, 125 S.W. 157 (1910), 50 A.L.R.2d 1386 et seq.; 27 Am.Jur. §§ 473 & 475, pp. 399 et seq.
In addition, the text writer in 2 Lewis, Eminent Domain (3rd Ed. 1909), states:
When the compensation has once been ascertained by a competent tribunal, at the expense of the condemning party, the law has done all for the owner which the constitution requires. If the owner is given a right of appeal or review, it may be upon such terms as to costs as the legislature may deem just... . (2 Lewis Eminent Domain § 812 (559) at 1436).
......
Where the owner is dissatisfied with the amount of damages awarded him in the first instance, and takes an appeal or other proceedings to have a re-assessment of the damages, it is usual to provide that he shall pay the costs of the appeal if he fails to secure an increase of damages, and such provisions are proper and valid. To exempt the owner from costs in such cases, the increase must be exclusive of interest. Of course if the owner secures more on appeal he is entitled to costs... . (2 Lewis, Eminent Domain, § 815 (562) pp. 1438 and 1439).
In this case Antley's damages for the property condemned by the Highway Commission were ascertained in the special court of eminent domain at the expense of the Highway Commission. At this point, the law had done all for Antley which the Constitution requires. He was then entitled to receive the just compensation for his property as fixed by the jury verdict without being diminished by the court costs necessary for the original determination of his award. Antley was not satisfied with the $13,000 judgment awarded him, and when he appealed he was in the same position, with reference to appeal costs, as any other litigant who appeals from a decree of a trial court. When he appealed without having the award increased, taxing him with appeal costs did not nullify the constitutional requirement of due compensation to landowners whose property is taken by eminent domain. We therefore hold that Mississippi Code Annotated section 11-27-29 (1972) is constitutional.
For the same reasons, Antley should be assessed with the five percent damages prescribed by Mississippi Code Annotated section 11-3-23 (1972). The damages under this section constitute a condition of taking an appeal. Davis v. Wilkins, 127 Miss. 490, 90 So. 180 (1921). We have applied the five percent damages to an agency of the state and held in State Highway Commission v. Mason, 192 Miss. 576, 4 So.2d 345 (1941), motion to correct judgment, 192 Miss. 595, 6 So.2d 468 (1942), as follows:
[W]hen an agency of the state is authorized by statute, without any qualification or restriction, to condemn under the general statutes relating to Eminent Domain, the agency has thereby the same *851 rights and is subject to the same liabilities as private parties seeking to condemn for public use, and this would carry the five percent on affirmance, as well as costs and interest. (192 Miss. at 598, 6 So.2d at 470).
See also Pearl River Valley Supply District v. Brown, 254 Miss. 453, 181 So.2d 631 (1966) and Housing Authority of the City of Gulfport v. Barbee, 283 So.2d 591 (Miss. 1973).
We have also assessed the five percent damages against a plaintiff who recovers a judgment and appeals without having the judgment increased. Pearce v. Ford Motor Co., 235 So.2d 281 (Miss. 1970).
Antley stands before this Court as any other litigant. When he appealed he was faced with the possibility of being taxed with appeal costs and damages as a condition of his appeal. He is not entitled to an appeal free of the conditions imposed upon other appellants.
All of the Justices concur that Antley is liable for appeal costs, but Justices Rodgers, Inzer, Walker and Broom are of the opinion that he should not be assessed damages.
Motion of State Highway Commission to correct judgment sustained. Motion of Antley to retax costs denied.
GILLESPIE, C.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.
RODGERS, P.J., and INZER, WALKER and BROOM, JJ., dissent.
RODGERS, Presiding Justice (dissenting):
I am constrained to disagree with my astute colleagues in the results reached by the majority opinion in this case. These are the facts: The Mississippi State Highway Commission filed a petition in a special court of eminent domain in Lauderdale County, Mississippi, to acquire certain property belonging to G.B. Antley, et al. The jury returned a verdict of thirteen thousand dollars ($13,000.00) in favor of the property owners. Proper legal interest was added to the judgment.
The property owner was not satisfied with the amount of the judgment, and has appealed to this Court. We affirmed the judgment of the trial court and assessed the cost of the appeal against the landowner/appellant. Thereafter, the Mississippi State Highway Commission filed a motion in the case asking this Court to assess five percent (5%) damages against the landowner because of the unnecessary appeal.
The landowner denied the right of the highway commission to statutory damages, and has filed a motion requesting this Court to reassess the Court cost of appeal so as to charge the highway commission with all cost of court arising as a result of taking the property of G.B. Antley, and others, appellants.
The highway commission cites Mississippi Code Annotated Section 11-3-23 (1972)[1] as authority for its contention that *852 the appellee Mississippi State Highway Commission is entitled to damages against the landowner resulting from the landowner's unsuccessful appeal.
The majority opinion points out that "We note a diversity of opinion in cases from other jurisdictions, but the better reasoned cases permit taxing appeal costs against a landowner when the award is not increased on appeal." I disagree with the statement that "the better reasoned opinions permit taxing appeal cost to the landowner" under the constitutions of the various states, and the adverse reasoning can readily be seen from a casual reading of the annotations shown in 50 A.L.R.2d 1386-1436 (1956).
Section 2766, Mississippi Code 1942 Annotated (1956) permitted the landowner to appeal from the eminent domain court to the circuit court by posting a cost bond in the sum of three hundred dollars ($300.00). This section was amended by Ch. 363, § 1 [1966] Miss.Gen.Laws, at 664, and was repealed by Ch. 520, § 26 [1971] Miss.Gen. Laws, at 802. These sections repealed were replaced by Ch. 520, § 15 [1971] at 798, and are now recorded as Mississippi Code Annotated Section 11-27-29 (1972).[2] It is therefore apparent that the Legislature intended that the cost of an unsuccessful appeal by a landowner should be borne by him although there still remains a question as to whether or not the act of the Legislature is constitutional under the reasoning of this Court in State Highway Commission v. Mason, 192 Miss. 576, 4 So.2d 345 (1941), and Pearl River Valley Water Supply District v. Brown, 184 So.2d 407 (Miss. 1966).
Even if we follow the minority view that the cost may be assessed against an appellant landowner [Annot., 50 A.L.R.2d 1386 (1956)], that is not the issue here. The issue before us now is whether or not the award of due compensation for property acquired by condemnation may be reduced by a penalty assessed against a landowner because he has unsuccessfully appealed to this Court.
In the case of State Highway Commission v. Mason, 192 Miss. 576, 4 So.2d 345, 6 So.2d 468 (1942), this Court had before it a case in which the highway department had used and damaged private property. A judgment was obtained in favor of the landowner and the cost was assessed against the highway commission, together *853 with interest and damages on the amount of the judgment resulting from an appeal by the highway commission. On motion filed by the highway commission to correct judgment, this Court said, among other things:
"As to the allowance of the five percent upon the amount of the affirmed judgment, which the statute, § 3387, Code 1930, denominates as damages, that question is more difficult of solution. In Tigner v. McGehee, 60 Miss. 242, it was said that this allowance is intended to penalize appellant for appealing from a proper judgment or decree. In Meek v. Alexander, 137 Miss. 117, 102 So. 69, 70, it was said that it `is in the nature of a penalty, or a condition of appeal, and affords also the basis of remuneration of the expense to the successful party'; and in Canal Bank & Trust Co. v. Brewer, 147 Miss. 885, 113 So. 552, 114 So. 127, the court held that the award is in the nature of compensation to the successful appellee for expenses incurred. In Davis v. Wilkins, 127 Miss. 490, 90 So. 180, it is said that the five percent damages constitute a condition of taking an appeal; that it is optional with the government whether it will appeal when a litigant, and that when the government appeals it stands therein on the same terms as any other litigant.
In this difficulty we have decided to recur to the holding illustrated in Deneen v. Unverzagt, supra, that when an agency of the state is authorized by statute, without any qualification or restriction, to condemn under the general statutes relating to Eminent Domain, the agency has thereby the same rights and is subject to the same liabilities as private parties seeking to condemn for public use, and this would carry the five percent on affirmance, as well as costs and interests." 192 Miss. at 598, 6 So.2d at 469-70.
We have repeatedly held that the 5% damage statute [now Mississippi Code Annotated § 11-3-23 (1972)] is a highly penal statute and must be strictly construed against the claim of a successful party on appeal. M.T. Reed Construction Co. v. Martin, 215 Miss. 478, 61 So.2d 300 (1953); Covington County v. Mississippi Road Supply Co., 59 So.2d 325 (Miss. 1952); Moorhead Drainage District v. Pedigo, 210 Miss. 284, 49 So.2d 378 (1950); Firestone Tire & R. Co. v. Fried, 202 Miss. 385, 32 So.2d 454 (1947); Canal Bank & Trust Co. v. Brewer, 147 Miss. 885, 113 So. 552, 114 So. 127 (1927).
Mississippi Code Annotated Section 11-3-23 (1972) does not contemplate nor is it applicable to a judgment for a value of land to be acquired by the highway commission in a condemnation proceeding. The award to a landowner represents the amount due to the landowner for his land. The judgment in condemnation proceedings is not damages against the highway commission as was true in Mason, supra. The value of the land is fixed by the jury verdict, and to reduce it by five percent (5%) is to reduce the due compensation belonging to the landowner and is a taking of private property without due compensation.
In the case of Parker v. Claypool, 223 Miss. 213, 78 So.2d 124, 78 So.2d 884 (1955), we had the following to say on this subject:
"We are of the opinion that the judgment entered is erroneous in allowing the appellee, J.B. Claypool, the sum of $212.79 as statutory damages on the amount of $4,255.93 that he owes to the appellant, L.E. Parker. The action of the trial court in eliminating the $6,000 of the principal of the note sued on, together with the interest and attorney's fee thereon was affirmed on appeal, and therefore there is no question but what the appellant is liable for the cost on this appeal; but we do not think that it was contemplated by Section 1971, Code of 1942, that an appellee is entitled to collect damages on what he owes to an appellant, and especially where the amount *854 on which the five percent damages is claimed was not in controversy on the appeal to this Court. The appellant merely sought on his appeal to be adjudged entitled to the additional sum of $6,000, with interest and an attorney's fee thereon, and when he lost on appeal in his effort to get this amount added to the judgment rendered by the trial court, he became liable for the cost on the appeal, but for nothing more." 223 Miss. at 219-20, 78 So.2d at 885.
It is true that we have held that the landowner could recover from the highway commission the five percent (5%) damages allowed by Mississippi Code Annotated Section 11-3-23 (1972) in a condemnation proceeding. Pearl River Valley Water Supply District v. Brown, 254 Miss. 453, 181 So.2d 631 (1966). In these cases, however, the highway commission appealed and the landowner was entitled to additional compensation because of the extra expense of an appeal so as to prevent the reduction of the just compensation due him. Pearl River Valley Water Supply District v. Brown, 184 So.2d 407 (Miss. 1966).
In the instant case, the highway commission has no right to reduce the amount it owes the landowner brought about by reason of additional expense to it in its effort to acquire the property of a citizen of the state.
We said in Mason, supra, that Mississippi Const. § 17 was self-executing:
"But, as we did in respect to the merits, we place our decision upon the ample foundation of the self-executing provisions of § 17, Const. 1890, which ordains that `private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law.' And whatever diversity of opinion there may be in some jurisdictions, we align ourselves with those cases which hold, in support of the text 2 Lewis Eminent Domain, 3rd Ed. § 812, p. 1434, that as property cannot be taken or damaged without due compensation and as the amount of that compensation or for its damage must be ascertained, the duty of ascertaining the amount is necessarily cast upon the party seeking to condemn or who has damaged the property for public use, and that he or it should pay all the expenses which attach to the process; that there is not the full measure of due compensation required by the constitutional mandate if the owner is subjected to a diminution thereof by liability as to any part of the cost incurred in its ascertainment." 192 Miss. at 597, 6 So.2d at 469.
We adopted the view in Mason of aligning "ourselves with those cases which hold in support of the text 2 Lewis Eminent Domain, 3rd Ed. § 812, p. 1434," which is set out in 18 Am.Jur. Eminent Domain § 378, at 1020 (1938), as follows:
"In proceedings for the appropriation of land to the public use, the owners of the land are entitled to full compensation, without deduction for any part of the costs incurred in the ascertainment of the amount. These must be borne by the party seeking to take the property, in whatever court it institutes proceedings for that purpose. If, dissatisfied with the assessment, the condemner seeks to reduce the amount by an appeal to another tribunal, such appeal is but a continuation of his effort to have the compensation to be paid the owner for his property ascertained, and his costs on such appeal are in the same category as costs in the trial court. The usual provisions of statutes in regard to costs on appeals to the supreme court cannot be applied to cases of this kind, because to do so would deprive the owner of his constitutional right to full compensation for his land. This rule has in some jurisdictions been extended so as to provide that the compensation to be awarded a landowner in proceedings to acquire his property by the exercise of the right *855 of eminent domain must include all necessary expenses incurred by him in the enforcement of his rights, which are taxable according to law. It must not be diminished by any costs reasonably incurred in condemnation proceedings, or in collecting the award, which are taxable in favor of the prevailing party in an action or proceeding to make his judicial remedy available."
Still, in the majority opinion in the instant case, we changed to the minority opinions on the subject as set out in 2 Lewis, Eminent Domain § 815(562) at 1438 and 1439, which are in conflict with the opinions requiring full just compensation.
It is the considered opinion of several members of this Court that a penalty should not be assessed against the value of land sought to be condemned by a state agency. This is obvious that if the value of the land is small, it could very well be consumed by cost and damages, so that the condemning petitioner would be acquiring the property without payment of any compensation to the landowner.
The right to acquire property by eminent domain is not only the right of sovereignty, but is a tyrannical arbitrary power of force and its use must be carefully examined so as to insure the property owner of due process of law.
I would not allow the highway commission five percent (5%) compensation for taking the appellant's property.
INZER, WALKER and BROOM, JJ., join this dissent.
INZER, Justice (dissenting):
I am in full accord with the excellent dissent written by Justice Rodgers, and although I doubt that I can add anything of value to what he has written, the majority is so clearly wrong I am compelled to state my views.
The real question in this case is whether this Court has the constitutional power to reduce the award made to a landowner in an eminent domain case by assessing him with a five percent penalty for appealing from such an award. The answer is clear that it does not. The jury awarded the landowner $13,000 as due compensation for his land. A judgment was entered accordingly and the condemnor has not appealed from this judgment. Consequently, neither this Court nor the legislature has the constitutional power to reduce this judgment by any means or method. To do so deprives the landowner of due compensation which the self-executing provisions of Section 17, Mississippi Constitution 1890, requires to be paid to him before the land can be taken.
There is a vast distinction between requiring a landowner to pay the cost of court on appeal from an eminent domain court and reducing his award by assessing him with a five percent penalty. An appeal is not a matter of right, and the legislature has the power to require a landowner to make a bond to pay the cost of court on appeal, but it does not have the power or authority to authorize this Court to reduce the judgment of the eminent domain court by assessing him with a penalty for appealing. The payment of court costs does not accrue to the benefit of the condemnor. It goes to the court to pay the necessary court fees. When the five percent penalty is assessed by this Court, the judgment rendered in the eminent domain court is reduced by this amount, and the condemnor gets the benefit of the reduction. Consequently, the landowner is denied due compensation for his land. It is elemental that when the jury has fixed the compensation due the landowner and the judgment is entered accordingly, in the absence of an appeal by the condemnor, the constitution prohibits this Court from reducing the award, although the landowner appeals without effect. The five percent damage or penalty statute cannot be constitutionally applied against a landowner who appeals from a judgment of an eminent domain court for the simple reason that to *856 apply it reduces the judgment fixing due compensation for the property taken.
It is of interest to note that the majority does not cite any case from any jurisdiction where a penalty has been imposed against a landowner who appeals from an eminent domain judgment. The reason may be that there are no such cases reported. At least, I have been unable to find any and neither have I found any case from any court where the award of compensation in an eminent domain proceeding has been reduced on appeal in the absence of an appeal by the condemnor. If the majority's decision stands in this case, this Court will have the dubious distinction of being the only Court in the United States that has, under the guise of assessing a penalty against the landowner for appealing, reduced the judgment on an eminent domain court thereby denying the landowner due compensation for his land. I do not care to share in this distinction.
I dissent.
WALKER and BROOM, JJ., join in this dissent.
NOTES
[1] Grand River Dam Authority v. Jarvis, 124 F.2d 914 (10th Cir.1942).
[1] "In case the judgment or decree of the court below be affirmed, or the appellant fail to prosecute his appeal to effect, the supreme court shall render judgment against the appellant for damages, at the rate of five per centum and costs, as follows: If the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum. If the judgment or decree be for the possession of real or personal property, the damages shall be assessed on the value of the property. If the judgment or decree be for the dissolution of an injunction or other restraining process at law or in chancery, the damages shall be computed on the amount due the appellee which was enjoined or restrained. If the judgment or decree be for the dissolution of an injunction or other restraining process as to certain property, real or personal, or a certain interest in property, or be a judgment or decree for the sale of property, or some interest in it, to satisfy a sum out of the proceeds of sale, or to enforce or establish a lien or charge or claim upon or some interest in property, and the only matter complained of on the appeal is the decree as to some particular property or claim on it, the damages shall be computed on the value of the property or the interest in it, if the value of the property or interest in it be less than the judgment or decree against it; but if the value of the property or interest in it be greater than the amount of the judgment or decree against it, the damages shall be upon the amount of the judgment or decree." Miss. Code Ann. § 11-3-23 (1972).
[2] "Every party shall have the right to appeal directly to the supreme court from the judgment entered in the special court of eminent domain, whether tried in county court or circuit court, by giving notice within ten (10) days from the date of the judgment or final order entered by the court to the court reporter to transcribe the record as taken and by posting bond in the penal sum of three hundred dollars ($300.00), except that no bond shall be required of the state of Mississippi or any political subdivision thereof. Such bond shall be conditioned to pay all costs that may be adjudged against him, and said notice to the court reporter shall be given and the bond shall be posted as is otherwise required by law for appeals to the supreme court. If the judgment be in excess of the sum, if any, deposited, and the petitioner, other than the state of Mississippi or any political subdivision thereof, desires an appeal, he shall deposit a sum, or a good and sufficient surety bond with a surety company authorized to do business in the state of Mississippi acceptable to the clerk, equal to double the amount of the judgment, less the amount of the deposit, if any, which shall be held exclusively to secure all damages assessed against petitioner. In any case where the deposit exceeds the compensation to be paid the defendants as determined by the final judgment, the excess shall be returned to the petitioner. If the appeal is by the defendant, it shall not operate as a supersedeas, nor shall the right of the petitioner to enter in and upon the land and to appropriate the same to public use be delayed. If the appeal be by the state of Mississippi or any political subdivision thereof, no bond shall be required." Miss. Code Ann. § 11-27-29 (1972).