LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On December 16, 2009, the Mississippi Transportation Commission (MTC) filed three complaints to condemn in the Special Court of Eminent Domain of Harrison County. The subject of these complaints were three parcels of land, termed Z, Zl, and Z2. The Normand Children Diversified Class Trust (Normand) owns an undivided-whole fee-simple interest in Zl and Z2 and an undivided 9/10 (90%) fee simple interest in Z. Robert C. Lehman PLC (Lehman) owns a 1/10 (10%) fee-simple interest in Z. These three complaints were ultimately consolidated in the trial court.
¶ 2. During litigation of the condemnation suit, Normand, United Truck Group, and Truck Capital (collectively referred to as “Normand” unless otherwise noted) sued Lehman for slander of title. Lehman had filed lis pendens notices, claiming that the property was the subject of a Louisiana suit that sought “to enforce a lien upon, right to, or interest” in the property.
¶ 3. Lehman filed a motion to dismiss the complaint to condemn, asserting that the trial court lacked jurisdiction. On June 29, 2010, the trial court entered a judgment denying Lehman’s motion to dismiss. The judgment also memorialized the trial court’s findings “[tjhat contrary to allegations made in [Lehman’s] [l]is [p]en-dens [n]otices, the Louisiana action does not seek ‘to enforce a lien upon, right to, or interest’ in the subject property ... [and] does not involve the subject property, nor does it make any claim against [Normand], the record owner.” The trial court found that Lehman had intentionally, falsely, and maliciously filed the lis pen-dens notices and slandered the title of Normand. The trial court awarded damages for loss of use of the purchase funds for the three parcels, and granted eight percent interest as “adequate compensation for the delay in these proceedings.” And on July 14, 2010, Lehman moved for reconsideration or, in the alternative, a new trial and for additional time to respond to the cross-plaintiffs’ motion for attorney’s fees.
¶ 4. On August 12, 2010, the trial court entered an agreed judgment. According to the judgment, all parties agreed: Lehman had withdrawn the lis pendens notices and relinquished any interest and any right to compensation as a result of the lis pendens notices; MTC was to pay Lehman $224,358.27 for its ten percent ownership of Z; MTC was to pay Normand $2,019,224.45 for Z, $833,882.36 for Zl, and $754,991.08 for Z2.
¶ 5. On July 7, 2011, the trial court entered its final judgment, incorporating the June 29, 2010 judgment, and denied Normand’s request for reconsideration of damages, denied Lehman’s motion for reconsideration, and awarded sanctions in the form of attorney’s fees of $32,837.06 to Normand. This appeal and cross-appeal followed.
*279 DISCUSSION
¶ 6. Lehman appeals, arguing the trial court erred: (1) in denying the motion to dismiss the complaint to condemn, (2) in denying the motion to reconsider, and (8) in granting the motion for attorney’s fees. Normand cross-appeals, arguing that the trial court erred in denying its request for reconsideration of damages. Since the first two issues are related, we will address them together.
I. MOTION TO DISMISS COMPLAINT TO CONDEMN AND MOTION TO RECONSIDER
¶ 7. Lehman filed a motion to dismiss, which the trial court denied. Lehman then moved for reconsideration on July 14, 2010. On August 12, 2010, all parties entered into an agreed order that addressed the issues regarding the condemnation action. This Court has held that “[a]greed judgments are ‘in the nature of a contract and are binding and conclusive in the absence of fraud, mutual mistake, or collusion.’ ” Julvanna, LLC v. Economy Inns, Inc., 24 So.3d 391, 393 (¶ 8) (Miss.Ct.App.2009) (quoting Ruff v. Estate of Ruff, 989 So.2d 366, 372 (¶ 23) (Miss.2008)).
¶ 8. Lehman does not assert fraud, mutual mistake, or collusion. Therefore, Lehman is procedurally barred from appealing these issues, as it entered into an agreed judgment on the matter. This issue is without merit.
II. ATTORNEYS FEES
¶ 9. This Court reviews a trial court’s award of attorney’s fees for abuse of discretion. Herbrandson v. Thompson, 808 So.2d 975, 977 (¶ 3) (Miss.Ct.App.2001) (citing Bank of Miss. v. S. Mem’l Park, Inc., 677 So.2d 186, 191 (Miss.1996)).
¶ 10. Lehman contends that attorney’s fees were improper as sanctions because the lis pendens notices were filed in good faith, with no evidence showing Lehman acted with malice. However, the trial court stated:
The Louisiana lawsuit had no interest in this proceeding and the actions of Lehman, in my opinion. This shows a reckless disregard for the truth[,] and Lehman, through [its] own mouth, acknowledges the falsity of the [l]is [p]en-dens [n]otices_The actions of Lehman had no justification, much less substantial justification, and were interposed for delay and harassment.
[[Image here]]
[A]n award of $32,837.06 attorney[’s] fees is justified. Although Lehman is in default, and the [c]ourt accepts the attorney's] fees submitted by Normand as credible and reasonable, the [c]ourt denies attorneyf’s] fees submitted post-[m]otion advancing Normand’s motion for attorneyf’s] fees.
¶ 11. The Mississippi Supreme Court has stated that filing “an instrument which is known to be inoperative, and which disparages the title to land, is a false and malicious statement for which damages may be recovered.” Phelps v. Clinkscales, 247 So.2d 819, 821 (Miss.1971) (citation omitted). Attorney’s fees and costs are an element of damages for slander of title. Welford v. Dickerson, 524 So.2d 331, 332 (Miss.1988). Mississippi Code Annotated section 11-55-5 (Rev. 2012), which is also known as the Litigation Accountability Act, allows attorney’s fees to be awarded as a sanction if the court “finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment[.]”
¶ 12. Lehman filed the lis pendens notices claiming that the land was of interest *280 in the Louisiana action, when in fact the land had nothing to do with the Louisiana action nor were the same parties involved. Lehman, which is a law firm, claims it did not have notice of the filing; however, nothing in the record supports that self-serving statement.
¶ 13. Normand provided documents supporting its request for $37,758.06 in attorney’s fees and costs, and Lehman stipulated that the $200 per hour rate was reasonable. The trial court awarded $32,837.06. The trial court did not abuse its discretion in awarding the attorney’s fees as sanction, and the amount of the fees was supported by credible evidence. This issue is without merit.
III. CROSS-APPEAL: RECONSIDERATION OF DAMAGES
¶ 14. Normand[1] cross-appeals, arguing that the trial court failed to properly calculate and assess damages for slander of title. In its June 4, 2010 ruling, the trial court found that “subject to [Mississippi Code Annotated sections] 11-27-19 [ (Rev. 2004) ] and 11-27-87 [ (Rev.2004) ] as well as Mississippi [State ] Highway Commission v. Owen [], [310 So.2d 920 (Miss. 1975) ], the defendants are authorized to receive [eight] percent interest from December 16, 2009. The [c]ourt feels that this is adequate compensation for the delay in these proceedings.” Normand asserts that the eight percent interest per annum should include the period from September 4, 2009, to August 12, 2010.
¶ 15. The supreme court in Owen found, “Under the provisions of the Act [now codified as Mississippi Code Annotated section 11-27-19 and 11-27-87], the landowner is entitled to interest on the excess of the amount paid into court at the rate of eight percent per annum from the date the petition was filed until the judgment is finally paid.” Owen, 310 So.2d at 922. The complaint to condemn was filed on December 16, 2009. However, Normand asserts that the interest should have begun to accrue on September 4, 2009, when Lehman filed the lis pendens notices. Under Owen and section 11-27-19, the interest is calculated from the date the petition was filed, which was December 16, 2009. Therefore, the trial court did not err in its calculation of damages.
¶ 16. THE JUDGMENT OF THE SPECIAL COURT OF EMINENT DOMAIN OF HARRISON COUNTY IS AFFIRMED ON DIRECT APPEAL AND CROSS-APPEAL. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE CROSS-APPELLANTS AND ONE-HALF TO THE CROSS-AP-PELLEE.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. MTC did not join in the cross-appeal.