DIAZ, J.,
for the Court:
¶ 1. Gordon Watkins appeals the April 28, 1998 order of the Madison County Chancery Court denying his petition for modification of child support and holding him in contempt for non-payment of support to his son. He further assigns as error the chancellor’s award of attorney fees to Theresa Watkins. Finding that the change in circumstances alleged by Watkins did not warrant a modification of child support, we affirm the chancellor’s refusal to grant Watkins’ petition. We further *810 affirm the citation for contempt and the award of attorney fees.
FACTS
¶2. Gordon Watkins and Teresa Watkins were divorced on grounds of irreconcilable differences by a decree of the Madison County Chancery Court entered November 21, 1996. Teresa was given primary custody of the parties’ minor son, Brandon Chaz Watkins. Pursuant to the child support and property settlement agreement entered by the parties, Watkins agreed to pay $700 per month in child support, maintain a $50,000 life insurance policy for the benefit of his son, provide medical insurance for the child and pay half of his medical, dental and prescription drug bills not covered by insurance.
¶ 3. On March 28, 1997, Teresa Watkins filed a motion for contempt, asserting that Watkins had failed to pay child support due on November 1, 1996 and March 1, 1997, and that he had failed to produce copies of the policies providing for life and medical insurance as required by the custody agreement. She further charged that he had violated the alimony and attorney fee provisions of the settlement agreement and final judgment of divorce. By order dated June 27, 1997, the chancellor found Watkins in contempt of the 1996 agreement and ordered him to pay the amounts in arrears and to provide evidence of insurance.
¶ 4. Watkins filed a petition for modification of judgment on March 9, 1998. He asserted that he had lost his job through no fault of his own and now had an adjusted gross income of only $2,059.10 per month. Based on the statutory guidelines set forth in Miss.Code Ann. § 43-19-101, which provide for the support of one child at the rate of fourteen percent of the parent’s adjusted gross income, Watkins argued that he should only be required to pay $288 per month. He further complained that his child support obligations left him without adequate funds to enjoy a decent standard of living or to even pay his necessary living expenses. The chancellor, however, rejected Watkins’ assertions and denied his petition for modification, stating in his April 27, 1998 opinion:
Gordon is now employed by a company, Homepro Improvement Company, which he founded and which is headed by his present wife. The financial declaration filed at the hearing indicates that his monthly salary is $2,600.00 and his adjusted gross income is $2,059.00. It is noted that Gordon’s wife’s salary is also $2,600.00 and it is presumed that her after-tax dollars would be the same as his. Gordon’s wife, Tara, is 21 years old, and her duties as president consist of “faxing financial documents to potential lenders and doing secretarial work.”
Gordon testified that he is indebted to the Internal Revenue Service for something in excess of $150,000.00 and he has nothing in his name that could be seized for the debt. It is obvious that Home-pro is his company and that he is using the corporation and his wife as a shield from his creditor.
¶ 5. Indeed, Watkins testified that while working as a sales representative at Lead-co, a home improvement company, his commissions were paid not directly to him, but to a separate corporation he had set up to protect his assets from being seized by the IRS, Diamond Marketing, Inc. He further testified that he left Leadco, where he worked at the time of the divorce, voluntarily so that he could start his own home improvement marketing business. His own earnings were funneled through the corporation. He acknowledged that regardless of how well the company did, he would still show earnings of only $2,600 per month.
¶ 6. In addition to finding that Watkins had failed to demonstrate a change in circumstances warranting a reduction in his child support obligations, the chancellor found him in contempt of the November 1996 judgment because of his failure to *811 pay child support and alimony due-April 1, 1998; to obtain, or provide proof that he had obtained life insurance and medical insurance; to compensate Teresa Watkins for insurance premiums and half of the medical treatment she had paid for the child; and to reimburse her for her tax refund of $2,789.17, which was seized by the IRS to be credited toward monies he owed. He awarded Teresa a judgment in the amount of $4,460.08 and attorney fees in the amount of $1,000.
DISCUSSION
I. WHETHER THE CHANCELLOR ERRED IN FAILING TO MODIFY THE JUDGMENT OF DIVORCE TO REDUCE CHILD SUPPORT TO THE AMOUNT PROVIDED BY THE STATUTORY GUIDELINES
¶ 7. Watkins filed his petition for modification of child support alleging that through no fault of his own, he had lost his job and now had an adjusted gross income of only $2,059.50 per month. He now complains that both in the original judgment and the order entered in the case sub judice, the support payments he is required to make are well in excess of the guidelines set forth in Miss.Code Ann. § 43-19-101. He further contends that his obligation to pay child support in the amount of $700 per month leaves him with insufficient funds with which to maintain a decent standard of living.
¶ 8. When a divorce is granted on the ground of irreconcilable differences, a support agreement may be modified only if there has been a material change in the circumstances of one or more of the parties. Poole v. Poole, 701 So.2d 813, 817 (Miss.1997); Varner v. Varner, 666 So.2d 493, 497 (Miss.1995). “The change must occur as a result of after-arising circumstances ... not reasonably anticipated at the time of the agreement.” Varner, 666 So.2d at 497. Moreover, “to warrant a modification of child support, any material change in circumstances must be such ‘as reasonably to affect 'the ability of the parties to abide by it and perform the original decree'.’ ” Poole, 701 So.2d at 813 (quoting Hooker v. Hooker, 205 So.2d 276, 278 (Miss.l967)(quoting Bunkley & Morse, Amis on DivóRCE and Separation in Mississippi § 6.11 at 193 (1957))). Watkins demonstrated no such material change in‘ circumstances. He testified that he left his job at Leadco to start his own business. Both parties testified that he had had large variations in income while they were married. Watkins acknowledged that he had originally agreed to pay $700 per month in child support because he thought the chancellor would order an even'larger award. He further admitted that he structured his earnings so as to shelter his income and assets from the IRS because he owed $150,000 in back taxes. Neither his testimony nor his tax returns, therefore, can be considered as giving a true picture of his income and cannot be construed as presenting a basis for modification of his child support obligations. While we recognize that a husband has a right to a reasonable standard of living, Tilley v. Tilley, 610 So.2d 348, 353 (Miss. 1992), based on the record before us, we are not of the opinion that the chancellor has subjected Watkins to any undue hardship by refusing to grant the modification in child support he seeks.
¶ 9. Watkins further contends that he should not have to pay child support in excess of that required by the child support guidelines enumerated in Miss.Code Ann. § 43-19-101(1998). According to his calculations, he should pay only $288' or fourteen percent of his claimed adjusted gross income of $2,059.10 per month. Even assuming arguendo Watkins had demonstrated a change in circumstances warranting a modification of his support obligations or that he had challenged the propriety of an order other than an agreement which he voluntarily entered, we do not hold the chancellor in error for refusing to base Watkins’ child support payments on a level of income which, by his *812 own admission, does not necessarily reflect his true earnings and which is structured so as to avoid seizure by the IRS for payment of back taxes. Watkins cannot use his present wife or his business to shield himself from his obligations to his son.
II. WHETHER THE CHANCELLOR ERRED IN FINDING WATKINS IN CONTEMPT OF COURT FOR NONPAYMENT OF APRIL 1998 CHILD. SUPPORT IN THE ABSENCE OF A PRAYER FOR RELIEF FOR CITATION FOR CONTEMPT FOR FAILURE TO PAY ALIMONY AND CHILD SUPPORT
¶ 10. The chancellor found Watkins in contempt of the 1996 judgment because of his failure to pay child support and alimony which was due April 1, 1998; to obtain, or provide proof of life insurance and medical insurance; to compensate Teresa Watkins for insurance premiums she had paid and for half of the bills she has paid for medical treatment for the child; and to reimburse her for her income tax refund which had been seized by the IRS to pay Watkins’ debt. Watkins now asserts that the chancellor erred in basing the finding of contempt in part on his failure to pay April, 1998 alimony and child support and in including the amount past due in the $4,460.08 judgment against him because Teresa Watkins did not specifically seek that relief in her amended counter-motion for contempt, which was filed on April 6, 1998. There is no merit to the assignment of error.
¶ 11. Watkins bases this argument on his contention that because Teresa’s petition contained no general prayer for relief, the chancellor was limited to granting the specific relief contained therein. He neglects to note that paragraph six of the counter-motion for contempt provides as follows:
6. Further, this Court should find Defendant/Petitioner in wilful and obstinate contempt of this Court for any child support and/or alimony payments, medical expenses, medical premiums, and any other expenses which accrue between the filing of this matter and the hearing thereon.
Watkins relies on that part of Rule '54(c) of the Mississippi Rules of Civil Procedure, which states that “final judgment shall not be entered for a monetary amount greater than that demanded in the pleadings or amended pleadings.” The comment to Rule 54 directs us to consider it in conjunction with the requirement of Rule 8 that “every pleading asserting a claim include a demand for relief to which the pleader believes himself entitled.” The purpose of Rule 8, as stated in the comment thereto, is to give notice. Crowe v. Crowe, 641 So.2d 1100, 1104 (Miss.1994). Paragraph 6 of the amended counter-motion gave Watkins adequate notice that failure to fulfill any of his obligations to his child and former wife would subject him to contempt charges. We find nothing in the language of either Rule 8 or Rule 54 which would have required Teresa Watkins to speculate as to the dollar amount of unpaid obligations that might accrue between the time her pleading was filed and a hearing held on the matter.
¶ 12. Teresa Watkins should not be faulted for not further amending her counter-motion. In Lahmann v. Hallmon, 722 So.2d 614 (Miss.1998), it was unsuccessfully argued that the chancellor erred in awarding past due child support in excess of that specifically requested in the pleadings. The Mississippi Supreme Court noted that the amount awarded included unpaid support which had accrued during the pleading stage. As in the case sub judice, evidence of the additional unpaid support was introduced at trial without any objection from the father. The Mississippi Supreme Court, citing Rule 15(b) of the Mississippi Rules of Civil Procedure, stated that the failure to formally amend the pleadings to conform with the evidence does not affect the result of the trial and found “[tjhat the pleadings therefore should be deemed amended accordingly is-particularly applicable in a case such as *813 this in that the amount of judgment sought is a liquidated as opposed to an unliquidat-ed amount which Lahmann could reasonably calculate based on his own knowledge of the requirements of the decree versus the amounts paid by him.” Lahmann, 722 So.2d at 619 (¶¶ 17-18). The chancellor, therefore, did not err in including the alimony and child support Watkins failed to pay in April, 1998 as part of the judgment and contempt citation against him.
III. WHETHER THE CHANCELLOR ERRED IN AWARDING ATTORNEY FEES TO TERESA WATKINS
¶ 13. The chancellor awarded Teresa Watkins $1,000 in attorney fees. Watkins, however, asserts that because an itemized statement of the services rendered by her attorney was not introduced at trial, neither the reasonableness nor the necessity of the $1,500 she was charged can be determined. We disagree.
¶ 14. The chancellor found that these proceedings “were occasioned by Gordon and that Teresa has incurred expense for legal representation which she has demonstrated by credible evidence she can ill afford.” See Mizell v. Mizell, 708 So.2d 55, 65 (Miss.l998)(attorney fees are the responsibility of the person required to make the child support payments). The determination of attorney’s fees in domestic cases is largely within the chancellor’s discretion. Arthur v. Arthur, 691 So.2d 997, 1004 (Miss.1997). In McKee v. McKee, 418 So.2d 764 (Miss.1982), the Mississippi Supreme Court explained:
The fee depends on consideration of, in addition to the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case. Id. at 767. Teresa Watkins’ attorney testified that he had practiced law for twenty-eight years and generally charged $175 an hour, a reasonable rate in the community for service rendered. He stated that he had told Mrs. Watkins that his minimum fee was $1,500, and although the hours involved exceeded that, he did not give her a bill other than the $1,500 retainer she paid because he was aware of her limited financial ability. We find that chancellor correctly applied the factors set forth in McKee and did not abuse his discretion in awarding $1,000 in attorney fees to Teresa Watkins.
CONCLUSIONS
¶ 15. Watkins presented no evidence of a change in circumstances warranting a reduction in child support payments for the benefit of his son. Moreover, given his testimony regarding the sheltering of income and assets from the IRS, the earnings on which he seeks to have the statutory child support payments based are, at best, suspect. The chancellor correctly denied his petition for modification.
¶ 16. We find no error in the chancellor’s inclusion of the April, 1998 alimony and child support which Watkins failed to pay as part of the judgment and citation for contempt against him. The chancellor further did not abuse his discretion in awarding Teresa Watkins $1,000 in attorney fees. Having affirmed the orders of the court below, pursuant to Schilling v. Schilling, 452 So.2d 834, 836 (Miss.1984), we further award Ms. Watkins $500 in attorney fees for the cost of this appeal, one-half of the fee allowed by the chancellor.
¶ 17. THE JUDGMENT OF THE MADISON COUNTY CHANCERY COURT IS AFFIRMED. APPELLEE’S ATTORNEY FEES IN THE AMOUNT OF $500 AND COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*814 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.