PROCEDURAL HISTORY AND FACTS
PAYNE, J.,
for the court:
¶ 1. This is a breach of contract case. The record shows that the parties entered into an agreement to allow the appellee, Kim Thompson, possession of two mares until each mare’s foal was born and weaned. Once the foals were weaned, the mares would be returned to Carmen Herb-randson, the appellant. After a disagreement between the parties concerning possession of the horses, Herbrandson asked the Leake County Circuit Court to grant her possession of the mares, plus attorney’s fees and costs. Thompson responded that the court should award her possession of the mares until the foals were weaned, that she should be declared to be the owner of the foals upon her payment to Herbrandson of $250 each for the foals, and that she be awarded attorney’s fees. Thompson also asked that if the court did not grant her possession, that the court order Herbrandson to reimburse her in the amount of $782 for expenses incurred in caring for the horses, and order Herb-randson to deliver the two foals to her at the contract price of $250 for each foal. The court awarded Thompson damages in the amount of $2,130.57 for reimbursement of expenses incurred to care for the horses and for other related expenses; however, the court did not award Thompson any attorney’s fees, stating the contract did not provide for such damages. Herbrandson filed a motion for new trial claiming the court erred in its award since Thompson only asked for an award of attorney’s fees in her complaint, but no other damages. The motion was denied and Herbrandson now appeals to this Court. We review the evidence and find that the trial judge did not abuse his discretion. Accordingly, we affirm.
ANALYSIS OF THE ISSUES
STANDARD OF REVIEW
¶ 2. Appellant Carmen Herbrandson raises the following issue with this appeal:
I. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN ADMITTING EVIDENCE BY KIM THOMPSON OVER THE OBJECTION OF CARMEN HERBRANDSON OF BREACH OF CONTRACT DAMAGES, OTHER THAN ATTORNEY’S FEES, WHEN IN HER PLEADINGS KIM THOMPSON ASKED FOR NO DAMAGES OTHER THAN ATTORNEY’S FEES?
¶ 3. With this issue, Herbrandson disagrees with the trial court’s decision to allow testimony concerning issues not *977 prayed for in the complaint, specifically concerning attorney’s fees. “The standard of review regarding admission of evidence is abuse of discretion.” Thompson Mach. Commerce Corp. v. Wallace, 687 So.2d 149, 152 (Miss.1997) (citations omitted). “A trial court’s decision on attorneys’ fees is subject to the abuse of discretion standard of review. However, where questions of law are raised, this Court conducts a de novo review.” Bank of Mississippi v. Southern Mem’l Park, Inc., 677 So.2d 186, 191 (Miss.1996) (citations omitted).
DISCUSSION OF THE ISSUE
I. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN ADMITTING EVIDENCE BY KIM THOMPSON OVER THE OBJECTION OF CARMEN HERBRANDSON OF BREACH OF CONTRACT DAMAGES, OTHER THAN ATTORNEY’S FEES, WHEN IN HER PLEADINGS KIM THOMPSON ASKED FOR NO DAMAGES OTHER THAN ATTORNEY’S FEES?
¶ 4. As previously described, this appeal concerns a contract between the appellant and the appellee and the trial court’s resolution of breach of contract and damage issues arising from such contract. Carmen Herbrandson appeals to this Court arguing that Kim Thompson failed to pray for any damages for' breach of contract, except for attorney’s fees which she was not awarded, and that the trial court erred in allowing evidence to be presented concerning other damages not prayed for in the complaint. We look to established rules and authorities in resolving this issue.
¶ 5. Quoting from Thompson’s “prayer for relief’ in her answer, Herbrandson notes that Thompson requested a dismissal of the suit, that she be declared owner of the foals in question upon payment of the purchase price, and that the court award her reasonable attorney’s fees arising from the breach. Herbrandson also cites Rule 8 of the Mississippi Rules of Civil Procedure, claiming the purpose of such rule is to give notice to the other party, as stated in the Comment to this rule.[1] Rule 8 reads in part:
a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain
(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and,
(2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.
M.R.C.P. 8. Thompson responds by citing to M.R.C.P. 54(c) which reads:
A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled by the proof and which is icithin the jurisdiction of the court to grant, even if the party has not demanded such relief in his pleadings; however, final judgment shall not be entered for a monetary amount *978 greater than that demanded in the pleadings or amended pleadings.
M.R.C.P. 54(c) (emphasis added). The Comment to this rule is also instructive:
Rule 54(c) has two central elements. The first sentence in the rule provides that a default judgment shall not give relief “different in kind from” or that “exceeds in amount that prayed for in the demand for judgment.” The second sentence in Rule 54(c) provides that in non-default cases the judgment need not be limited in kind or amount by the demand, but may include the relief to which the successful party is deemed entitled. The rule must be read in conjunction with Rule 8, which requires that every pleading asserting a claim include a demand for the relief to which the pleader believes himself entitled. Thus, Rule 54(c) applies to any demand for relief, whether made by defendant or plaintiff or presented by way of an original claim, counterclaim, cross-claim, or third-party claim.... A default judgment may not extend to matters outside the issues raised by the pleadings or beyond the scope of the relief demanded; a judgment in a default case that awards relief that either is more than or different in kind from that requested originally is null and void and defendant may attack it collaterally in another proceeding.
M.R.C.P. 54 comment. Thompson cites to Twin States Land and Timber Co. v. Chapman, 750 So.2d 567 (Miss.Ct.App.1999),[2] and to Watkins v. Watkins, 748 So.2d 808 (¶ 11) (Miss.Ct.App.1999) (chancellor permitted testimony concerning alimony which had accrued since the time of hearing). Both of these cases apply M.R.C.P. 54 to permit issues not specifically prayed for in the complaint to be addressed.
¶ 6. A reading of Thompson’s prayer for relief in her complaint makes clear that she sought specific performance of the alleged contract as her remedy. Had she convinced the court that ordering specific performance by Herbrandson was proper on the facts, then Thompson would have been entitled to no money damages. This explains the absence of such a request in the prayer of her complaint. For reasons not appearing in the record, the trial court found in Thompson’s favor as to the existence of a contract, but, rather than ordering specific performance, determined that money damages for a breach of the contract was the proper relief. Since Thompson does not complain that she received relief different .from that requested, this Court need not inquire as to whether specific performance might have been a more appropriate remedy.
¶ 7. Looking to the judge’s “Bench Trial Opinion,” the facts of this case are spelled out in detail, as well as the judge’s reasons for his decision. The opinion shows Thompson’s itemization of the expenses *979 she incurred in caring for the animals, and the judge cites to M.R.C.P. 54(c) stating that Thompson had sufficiently proved her damages. Reviewing the record, case law and the aforementioned rules of procedure, we find that the judge did not abuse his discretion in permitting testimony and evidence relative to Thompson’s expenses incurred post-complaint. Thus, this appeal has no merit.
CONCLUSION
¶ 8. We find no error in the trial judge’s decision to admit evidence relating to Thompson’s expenses incurred after her complaint was filed. Accordingly, we affirm the decision of the Leake Circuit Court.
¶ 9. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.

. "The purpose of Rule 8 is to give notice, not to state facts and narrow the issues as was the purpose of pleadings in prior Mississippi practice. Consequently, the distinctions between 'ultimate facts' and ‘evidence’ or con-elusions of law are no longer important since the rules do not prohibit the pleading of facts or legal conclusions as long as fair notice is given to the parties.” M.R.C.P. 8 comment.

. Twin States reads, "Though Thornhill may not have properly pled an alternative claim for waste, we are satisfied that the parties, including both Chapman and Twin States, vigorously tried the question of the life tenant's right to harvest timber without the re-mainderman's consent and that the chancellor properly concluded that Thornhill ought to prevail on that question. For that reason, we do not think that Thornhill’s failure to ask for the appropriate relief based on properly pled and fully proven facts ought to deprive him. of any remedy. Instead, we conclude that Thornhill should be entitled to appropriate damages under the doctrine of waste. See M.R.C.P. 15(b) (issues not raised in the pleadings may be tried by express or implied consent), and see M.R.C.P. 54(c) (judgment shall grant the relief to which the party in whose favor it is rendered is entitled by the proof and which is within the jurisdiction of the court to grant, even if the party has not demanded such relief in his pleadings....’)." Twin States, 750 So.2d at 572(¶ 24) (emphasis added).